The opinion of the court was delivered by
Tilghman, C. J.
The judgment of the court below, in this cause, was given upon a case stated, which may be explained in a few words. William Lytle made a parol contract for the purchase of a tract of land of John Barkman, for the sum of 12,348 dollars. He paid about 6000 dollars of the purchase money to Barkman, who delivered him the possession, but did not make a conveyance of the land. While Lytle was in possession several of his creditors obtained judgments against him, on one of which judgments execution was issued, and all his right to this land sold by John Mathiot, the defendant, sheriff of Lancaster county, for the sum of 5202 dollars. This money was received by the defendant and is still in his hands. It is claimed by John Barkman, for the balance of the purchase money due to him from Lytle, and it is also claimed by the judgment creditors of William Lytle, who contend that they had a lien on the estate of Lytle, of whatever nature it might, be. The question is, which of tbcso claimants are entitled to the money. If the judgment creditors are entitled, then the judgment of the District Court is to be affirmed; but if Barkman has a better right, the judgment must be reversed.
By the law of Pennsylvania all the real estate of the debtor, whether legal or equitable, is bound by a judgment against him,, and may be taken in exece- ion ami sold for the satisfaction of the debt. At common law, an equitable estate is not bound by a judgment or subject to an execution. But the creditor may have relief in chancery. We have no Court of Chancery, and have therefore from necessity established u as a principle, that both judgments and execution have an immediate operation on equitable estates. We must consider then, what, was the nature of William Lytle’s estate in the land sold by the sheriff. It is very clear that he had only an equitable estate. The legal estate remained in John Bark-man, who had a right to retain it, until he received full payment of the purchase money. On the other hand, Lytle had a right to call for a conveyance on payment of the balance of the purchase mo- • ney. The judgment creditors of Lytle had a lien on his estate such as it was. Arid when the sheriff sold the estate of Lytle he sold it *403 such as it was; that is to say, a right to demand a conveyance of the legal estate from Barkman, upon payment of the balance of the purchase money due from Lytle. Of the right of Barkman, the purchaser from the sheriff was bound to tafee notice at his peril. If he examined the title he would find tiiat. Lytle had not the legal estate; and if he did not examine it, the fault was his own. The sheriff had no authority to sell the estate of Barkman, nor-could he in any manner affect it. The process by virtue of'which he sold, commanded him to sell the estate of Lytle. It being the estate of Lytle then which was sold, the proceeds of sale belong to those creditors of Lytle who had a lien on his estate. The interest of Barkman was distinct from the interest of Lylle. Bark-man had no concern either in the sheriff’s sale, or the proceeds of sale. He retained the legal title, and might recover in an ejectment against the purchaser at the sheriff’s sale, who stood in the place of Lytle, so far as concerned the title to the land. The case of Lytle was altogether different from that of a man seised of a legal estate in fee, subject to the incumbrance of judgments,-&c. There, when the sheriff sells, he sells the legal estate, and it- has been the custom to apply the proceeds of salé to the discharge of the incumbrances according to their priority. But inasmuch as Lytle had not the legal estate, the proceeds of sale were applicable lo the discharge of the incumbrances on his equitable estate. .This equitable estate must be supposed to be valuable; for Lyle had paid about 6000 dollars for it. His judgment creditors therefore had a lien on something substantial. But according to the doctrine contended for by the defendant’s counsel, the judgment creditors lose every thing, and the purchaser at the sheriff’s sale gets the legal title for nothing. The purchaser, who bought only an equitable title, is to apply his money in the first place to the payment of the balance due to the holder of the legal title, which he did not buy, and thus he will obtain a complete title, both legal and equitable, and the judgment creditors of Lytle will get nothing. A principle which leads to such a result must certainly be unsound. But it has been said, that as it is the custom in Pennsylvania, to permit the purchaser at sheriff’s sales, to apply the money to the discharge of incumbrance, and thus obtain a clear title, the purchaser in the present instance supposed, that he was to have the same privilege, and will be very much injured if it be denied to him. To this it may be answered, that the purchasers at those sales buy at their own peril. There is uo Warranty of title, and therefore it is, that the property generally goes off at a price far below its value. Ne- ' vertheless there may be cases, where under a misapprehension of the terms of sale, the purchaser may be so much injured, that it would be unjust to hold him to his bargain. For instance, if in the very casé before us, the sheriff-had given cause to suppose, that the purchaser was to have a complete legal title, and on that presumption he'had bid the full value of the clear legal estate, it would be *404 very hard that after paying his money, he should have to buy the legal title over again. But it was his business to inquire into that matter before the money was paid, and had he brought such a case as I have mentioned, before the court, he would probably have been discharged from the purchase, and a new sale ordered. But there is no such question now for "consideration. The case presented to us, is that of a man who purchased only an equitable estate, and we are to decide who is entitled to the purchase money. The answer is plain, those are entitled who had liens on the equitable estate. As the principle involved in this case is important, I have given it full consideration. I can see no ground on which John Barkman’s claim to the money in the hands of the defendant can be supported. It follows, that it must belong to the judgment creditors of Lytle. I am therefore of opinion that the judgment of the District Court should be affirmed.
Judgment affirmed.