# Creigh *against* Shatto.

In an action of ejectment by a vendor against a vendee, to compel the payment of the purchase money, it is essential to the plaintiff's right to recover that he show a good title to the land vested in himself.

A sheriff's sale of land as the property of a vendee who has not paid the whole amount of his purchase money or received a deed of conveyance, will not devest the lien of a judgment against the vendor.

ERROR to the Common Pleas of *Perry* county.

This was an action of ejectment by Solomon Shatto against John D. Creigh, to compel the payment of a balance of purchase money by the defendant, who purchased the land from the plaintiff.

The plaintiff gave in evidence the articles of agreement between the parties and settlement, by which the defendant agreed to pay a judgment which was against the plaintiff, and a lien on the land amounting to $185, but which he did not pay, and it was collected from the plaintiff by execution. The plaintiff brought into court a deed of conveyance for the land, which he filed, and claimed to recover a verdict for the land to be released upon the payment of the $185. The land had been sold by the sheriff as the property of John D. Creigh, and purchased by S. Alexander, who contended that the plaintiff was not entitled to recover: first, because he had not proved that he had a perfect title to the land; and second, because the lien of the judgment, the payment of which was sought to be enforced, was devested by the sheriff's sale.

The court below ruled both these points against the defendant, and the jury rendered a verdict for the plaintiff to be released upon the payment of $185.

*Todd* and *Reed*, for plaintiff in error, cited 14 *Serg. & Rawle* 257.

*Watts*, contra, cited 8 *Serg. & Rawle* 425, 440; 8 *Watts* 422 2 *Watts* 478.

[Creigh v. Shatto.]

The opinion of the Court was delivered by

Rogers, J. — This is a proceeding in the nature of a bill in chancery to compel the payment of purchase money. The plaintiff proceeds by ejectment on his legal title, the defendant defends on his equitable title, as by bill for an injunction. In all cases of a similar kind, in analogy to the rule in chancery, we deem it sufficient to entitle the vendor to a decree that the title be good at the trial, without regard to its condition when suit is commenced. In this way justice is done to both parties, without the delay and vexation arising from turning the parties round to a new suit, the court taking care to order the party in default to pay the costs. In chancery, before decree the title is referred to a master; and if, on coming in of his report, the title be found to be incurably defective, it is an answer to the bill; for it is a settled and invariable rule, that a purchaser shall not be compelled to accept a doubtful title, nor inequitable terms; nor will a court of equity compel a person to take an estate which it cannot warrant to him. No title having been shown in the vendor, none produced or tendered on the trial, the court was asked to instruct the jury that the plaintiff could not recover; but this instruction they refused, because the plaintiff had deposited his deed for the land, to be delivered in payment of the purchase money : they supposed it was all the purchaser had a right, under the circumstances, to demand. There is nothing that I can conceive peculiar in this case, to make it an exception. It is the ordinary case of an agreement to convey by a good and sufficient deed, at a certain fixed time, for a given sum of money. The vendee took possession of the tract, but there is nothing appearing by which he waives his undoubted right to a good title. Indeed, so far as appears, the default is in the vendor, who was not in a condition to perform his part of the agreement at the time fixed, on account of incumbrances existing on the land. There is, therefore, nothing in the way of the purchaser to prevent him from insisting upon a strict performance of the contract. It must be observed that the question is not whether the plaintiff is bound to tender a deed before suit brought, but whether, before the decree, the vendee is entitled to receive from the vendor an indefeasible title, clear of all incumbrances. Now, that he is entitled to such a title cannot be doubted : and how can the Court assure him a title unless the title deeds are produced for inspection? By this means only can they tell whether the title be good or bad. It may be that the vendor's title is unexceptionable, but the mistake is in supposing that the deed from Shatto to Creigh was all that was required, whereas the vendee had a right to inspect the title to Shatto. The deed from him would be of little service if it should turn out that he had no title. It would be an extraordinary proceeding, as is said by Mr Sugden, in his *Treatise on Vendors* 230, for a Court of Equity to compel a purchaser to take an estate which it cannot warrant to

[Creigh v. Shatto.]

him. It hath, therefore, become a settled rule, that a purchaser shall not be compelled to accept a doubtful title; nor will he be forced to take an equitable title: nor will a case be directed to the judges as to the title, unless the purchaser be willing that it should; and even if a case should be directed, and the judges were to certify in favour of the title, yet a specific performance would not be decreed unless the court itself were satisfied of the equitable as well as the legal title of the vendor. And so careful is a Court of Chancery to assure the title of the vendee, that although the judges certify in favour of the title, and there is no equitable objection to it, yet if the point of law is very doubtful, the purchaser may require another case to be directed, which, it seems, will not be sent back to the same court. It is, however, proper to say that the purchaser must show in what particular the title is defective. And the justice of these rules is apparent; for it may be, if the judgment be affirmed, the defendant may be compelled to pay for land for which he gets no title whatever, in direct contravention of the contract. The plaintiff having deposited his deed with the prothonotary, to be delivered on payment of the balance of the purchase money, the jury, under the direction of the court, gave a verdict for the plaintiff to be released on payment of $170.15 debt, with six cents damages and six cents costs, by the 1st April 1845, with interest from the date of the verdict. On this verdict a judgment is rendered, the effect of which is to vest an absolute title to the land in the plaintiff, provided the defendant fails to pay the amount of the verdict within the stipulated period. Time is the essence of the verdict and judgment, and becomes a material part. Care, however, should be taken to prevent oppression, and against this the Court will studiously guard. But how will it be in case a writ of error is taken within the period fixed for the payment, and the time expires before it is disposed of by the Supreme Court, and the judgment should, unexpectedly to the defendant, be affirmed? Will the defendant be estopped from avoiding the forfeiture by payment of the money due? It is proper to say that in such case the court can prevent injustice by giving further time for payment. As this is a case in equity, we can so modify the decree as to prevent the injustice which would arise from an absolute affirmance of the judgment. As where, for example, the amount remaining unpaid is inconsiderable in comparison with the value of the land.

With the exception already noted, we see nothing wrong in the direction of the court. The case comes directly within the principle of *Auwerter* v. *Mathiot*, (9 *Serg. & Rawle* 397,) where it is ruled that the judgment creditors of a vendee of land who has paid part of the purchase money, and has possession of the land, but has received no deed, are entitled to the proceeds of the sale of his title under an execution, in preference to the vendor. The property was sold on a judgment against the purchaser, and as

[Creigh v. Shatto.]

he had but an equitable title, that only passed to the sheriff's vendee. The case of *Auwerter* v. *Mathiot* decides that the creditors of the purchaser alone are entitled to the proceeds. From this it follows that, as the prior judgment creditor could claim none of the money arising from the sheriff's sale, his lien is not discharged. The prior judgment creditor is only entitled to participate in the proceeds when the whole interest is sold, and passes to the sheriff's vendee.

Judgment reversed, and a *venire de novo* awarded.