# Connolly *versus* Miller et al.

1. In the case of a conditional verdict in ejectment a writ of *habere facias possessionem* is not, of course, as in ordinary cases of judgment in ejectment, but can only be issued by leave of court, and the party asking for the same must show to the satisfaction of the court that he is justly entitled to it.

2. In ejectment to compel payment of purchase-money the court has the power to extend the time of payment as made by a conditional verdict, and to supply just and reasonable conditions omitted in the verdict.

October 25th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Somerset county :* Of October and November Term 1880, No. 207.

Ejectment by Sarah Connolly, executrix of Martin Connolly, deceased, against Jacob D. Miller, Jacob P. Lichty and others, for a tract of land in Somerset county.

The facts set forth in the opinion of this court and the following assignments of error sufficiently state the case.

14 NORRIS—33

[Connolly *v.* Miller.]

The verdict was for defendants, when plaintiff took this writ and alleged that the court erred :—

1. In discharging the rule and refusing the writ of habere facias possessionem on 15th December 1879.

2. In decreeing that the money paid into court by Jacob P. Lichty, one of the defendants, should remain in court until a deed be filed by the plaintiff to John D. Roddy for the land described in the writ, and the money not to be taken out of court until the defendants are satisfied with the deed, unless the court order it to be paid to the plaintiff. And in further ordering and directing that, upon the payment of the money to the plaintiff, the said Jacob P. Lichty be subrogated to all the right, title, interest and privileges of the plaintiff, for the purpose of adjusting the equities between the several defendants.

3. In discharging the rule and refusing the writ of habere facias possessionem on 17th July 1880.

*J. G. Ogle* and *Robb & McClung*, for plaintiffs in error.— Plaintiff was entitled to a verdict, defendants having failed to comply with the terms of the conditional verdict : Act of April 21st 1846, Pamph. L. 424; 1 Purd. Dig. 535, pl. 18. The essentials of the verdict were time and money, and the failure to bring the money within the time fixed rescinded the contract and rendered the judgment absolute : Gable *v.* Hain, 1 P. & W. 264.

If plaintiff did, by reason of her application to the Orphans' Court of Allegheny county, waive her right to insist upon a strict forfeiture, and plaintiff and defendants thereby remained in the same position as before the first instalment was due, that position continued only until the second instalment of the verdict was due, to wit, until the 13th day of October 1879. Defendants then made default, and by reason thereof their equity was extinguished; the plaintiff was no longer a creditor : Boyd *v.* McNaughton, 1 P. F. Smith 225. The terms of the verdict did not make it obligatory upon plaintiff to file a deed. The title, agreeably to the laws and customs of the state, remained in the plaintiff as a security for the payment of the unpaid instalments : Hamm et al. *v.* Beaver, 1 Grant 448.

The law governing this case is clearly laid down in Hewitt *v.* Huling, 1 Jones 34. There was no payment or tender of payment made, but default was made, and thereby the relative positions of plaintiff and defendants were changed. Plaintiff became entitled to the fruits of her judgment; this could be had only by execution, and the only writ of execution known to the law in cases of this kind is habere facias possessionem. This writ the court denied plaintiff on two different occasions, and decreed her rights in the premises to Lichty.

[Connolly *v.* Miller.]

*Valentine Hay* and *Coffroth & Raphel*, for defendants in error. —No deed was ever tendered or filed as it should have been: Markley *v.* Swartzlander, 8 W. & S. 176; Lauer *v.* Lee, 6 Wright 165; Webster *v.* Webster, 3 P. F. Smith 164; Hawk *v.* Greensweig, 2 Barr 299; Boyd *v.* McNaughton, 1 P. F. Smith 227. Plaintiff waived her right to a writ of habere facias possessionem: Boyd *v.* McNaughton, *supra;* Hatton *v.* Johnson, 2 Norris 222. The application for the writ was premature, and the granting or refusing it in this case was in the sound discretion of the court: Creigh *v.* Shatto, 9 W. & S. 82.

There may be cases in which equity may require an enlargement of the time: Creigh *v.* Shatto, *supra.* There was no forfeiture here, therefore, by reason of the non-payment of the money to the plaintiffs, for the judge modified the performance by the defendant, as he might do, in order more effectually to do equity: Webster *v.* Webster, 3 P. F. Smith 164; Napier *v.* Darlington, 20 Id. 65; Gordonier *v.* Billings, 27 Id. 501.

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1881.

The first and third assignments are to the refusal of the court to order a writ of *habere facias possessionem* to issue. In case of a conditional verdict the writ is not of course as in ordinary cases of judgment in ejectment, but can only be issued by leave of the court: Shaw *v.* Bayard et al., 4 Barr 257. In other words, the party asking for the writ must show to the satisfaction of the court that he is justly entitled to it. Whether there was error in refusing it in the present case depends on whether the court was justified in making the order covered by the second assignment.

The action was on the legal title to enforce the payment of the residue of purchase-money due on articles of agreement which called for a deed of general warranty. A verdict was rendered on 13th February 1879 in favor of the plaintiff for the land, to be released on payment of $2975.33, to be paid in three equal payments in four, eight and twelve months, with interest. On the same day a rule was granted to show cause why a new trial should not be granted. This was continued until the 30th May following when it was made absolute, unless the plaintiff remitted $1100, as of the date of the verdict, by paper filed within thirty days. On the 9th of June, so far as appears, without notice to the defendant, the plaintiff filed a writing remitting the sum specified. The jury fee was not paid until the 25th August, when judgment was entered on the verdict. On the same day application was made for a writ of habere facias and a rule granted to show cause why it should not issue. On the 17th December answer was filed and the money, $2007.73, paid into court, and the rule discharged. It was thereupon ordered that the money remain in court until a deed

[Connolly *v.* Miller.]

to the assignee of the defendant for the land described in the writ be filed, and the money should not be taken out until deed was made satisfactory to the defendant, unless the court ordered it paid to plaintiff.    On the 29th March plaintiff renewed the application for a writ of habere facias, and it was again refused.

It is contended by the plaintiff in error that the court had no power to extend the time of payment of any instalment, nor add to the conditional verdict of the jury.

This action is in the nature of a bill in equity to compel payment of purchase-money.    In a court of equity before decree the title is referred to a master, and if found incurably defective, it is a full answer to the bill.    A purchaser will not be compelled to accept a doubtful title nor inequitable terms.

It is further contended that time is of the essence of the verdict, and becomes a material part of the judgment.    As a general rule this is undoubtedly true where all the questions have been passed upon, and the verdict is in such form as to receive the approval of the court.    A judgment on a conditional verdict so far partakes of equitable principles that this court has often, on writ of error, extended the time of payment to prevent the injustice which would arise from an absolute affirmance of the judgment.    The propriety of this applies with especial force when the unpaid purchase-money is very much less than the value of the land: Creigh *v.* Shatto, 9 W. & S. 82.    In the present case the original purchase-money was $5000, and only about $2000 thereof remained unpaid.    The power of the Court of Common Pleas in other cases of ejectment to extend the time fixed by the jury for the payment of money has also been recognised.    Thus in an action of ejectment on the legal title for lands, against one who had purchased it as unseated, gone into possession and made improvements, the jury rendered a verdict on the 30th April and assessed the value of the defendant's improvements at $1897.58, to be paid within three months.    In consequence of the pendency of a motion for a new trial judgment was not entered until the 3d of September following.    On that day the court ordered the time of payment to be extended for one month from that date.    Thus the jury found the money should be paid on the 30th July, but the court ordered that it might be paid on the 3d of October thereafter.    On writ of error that extension of time was assigned for error.    This court affirmed the judgment more than a year thereafter, and further extended the time of payment two months beyond the affirmation: Pendleton *v.* Richey, 8 Casey 58.    In the opinion it is said to resemble an action in ejectment for purchase-money, and as the power of the jury in both classes of cases is conferred by statute the practice may properly be assimilated.    The power of the court to extend the time of payment, when equity required it, was again affirmed in Webster *v.* Webster, 3 P. F. Smith 161.    It was an action of ejectment on

[Connolly *v.* Miller.]

the legal title to enforce payment of the purchase-money remaining unpaid on a contract. On the 19th December the jury rendered a verdict for the plaintiff to be released on payment of a sum specified in thirty days. On the 2d January the judge at chambers gave leave to the defendant to pay the money into court, to be taken out by the plaintiffs on their filing a deed. On the 12th March, by reason of the money not having been paid *to the plaintiffs* within the time specified in the verdict, they issued a writ of habere facias, which was set aside by the court. The case was reviewed on writ of error, and all the proceedings subsequent to the judgment were affirmed. It was held to be within the power of the judge acting as a chancellor to make the order he did for the payment of the money into court, to await the making of the deed by the proper parties, and that the time limited by the verdict within which it declares the money shall be paid does not always absolutely control. It was there said it was not obligatory on the defendant to pay his money to the plaintiffs, and run the risk of ever getting his deed.

We have thus shown the court has power, in a proper case, to extend the time of payment, and to supply just and reasonable conditions omitted in the verdict. It is a power to be exercised with care, and only when equity demands it for the protection of the party required to pay the money. In this case there certainly was no equity in the plaintiff demanding a payment of the money while she was unable or unwilling to execute a deed according to the contract. It is shown that she did not obtain authority from the Orphans' Court to execute one until the 19th August. Hence at the time specified for the payment of the first instalment she was not able to make it; but she might have done so when the second became due. Nevertheless then, and at all times since, she has omitted and declined to execute any deed.

In addition to the motion for a new trial and the delay in entering judgment, other equities of the defendants are shown. Thus the unpaid purchase-money is small compared with the value of the land. The answer of Lichty, the principal defendant in interest in the case, shows he was living out of the state when the verdict was rendered, and he was not informed of the sum adjudged to be due, nor when it was to be paid, until October or November following. With his answer he paid into court the debt, interest and costs of the judgment. In view of the whole case, notwithstanding the able argument of the counsel for the plaintiff, we discover no such error in the recognition and application of equitable principles as to justify a reversal of the judgment.

Judgment affirmed.