Moses v. The Continental Insurance Co.

AFFIRMED.

MOSES v. THE CONTINENTAL INSURANCE COMPANY.

1. **Practice in the Supreme Court:** EQUITABLE ACTIONS. To entitle the party moving therefor to have an equitable action tried anew in the Supreme Court, he must have moved the court at the appearance term for a trial upon the written evidence, whereupon the court will either order all the evidence to be taken in the form of depositions, or cause all the evidence offered to be taken down in writing, to be certified by the judge and made a part of the record.

2. ———: ARGUMENT. Errors assigned not urged in argument will not be considered by the court.

*Appeal from Clinton District Court.*

MONDAY, APRIL 26.

THIS is an action to recover upon a fire insurance policy issued by the defendant to the plaintiff, upon her dwelling house which was afterwards destroyed by fire. There was a trial to the court, resulting in a judgment for plaintiff. Defendant appeals.

*I. Munroe* and *J. S. Darling*, for appellant.

*Corning & Grohe* and *Cotton & Cross*, for appellee.

MILLER, CH. J.—The action, although brought to recover on a fire insurance policy upon a loss of the property insured, and a refusal of the defendant to pay the loss, is commenced by equitable proceedings; whether correctly so or not we will not determine. Appellant's counsel, however, have brought the evidence upon appeal,

1. PRACTICE in the Supreme Court: equitable actions.

and are insisting on a trial anew in this court thereon. In order to be entitled to such trial, in equitable actions, the party desiring it must move the court, during the appearance term, for a "trial upon the written evidence," whereupon the court must "either order all the evidence to be taken in the form of depositions, or shall *cause* all the evidence offered on the trial to be taken down in writing to be certified by the judge and made a part of the record according to the requirements of the motion." This was not done; no motion was made of the character required by the statute. No order was made by the court that the evidence should be reduced to writing. It is not certified by the judge and made part of the record, as the statute requires. The record simply shows that on the request of the attorneys, R. T. T. Spence, Esq., was appointed by the court to take the testimony in the case. Whether he did take it and reduce it to writing is not shown in the record, and the evidence contained in the abstract is not certified by the judge as having been reduced to writing upon the motion of either party. It is not made a part of the record. This being the case the cause comes before us on appeal as a law action for the correction of errors in law.

The errors assigned are not urged in argument by appellant's counsel, and will not, therefore, be noticed or passed upon by the court.

The entire argument of appellant's counsel is devoted to a discussion of the issues of fact upon the evidence. The evidence being conflicting, and the court below having decided upon such conflict in favor of the plaintiff, we cannot disturb the finding of the court. It stands as the verdict of a jury. We may, however, properly say that after a careful reading of the evidence and the arguments of counsel we should, if the case was before us for trial anew upon the evidence, concur with the learned judge of the District Court, and affirm the judgment.

AFFIRMED.