## INGLE V. CULBERTSON.

1. **Equitable Jurisdiction:** TRIAL DE NOVO: PRACTICE IN THE SU-
PREME COURT. An action at law to determine the title to real property,
in which the defendant interposed a defense raising an equitable issue,
and all the relief asked by both parties was of an equitable character,
was *held* to be triable *de novo* in the Supreme Court.

2. **Trust Deed:** EXECUTION OF POWER. A trust deed executed to secure
a debt does not vest in the trustees the legal title to the land, which can
only be taken away from the grantor by a statutory foreclosure or other
appropriate legal process in substantial accord with the power conferred
by the deed.

3. ———: DISCRETIONARY POWERS OF TRUSTEES. When the powers of
trustees are not strictly defined they rest largely within their discretion,
and will be presumed to have been exercised for the best interests of the
*cestui que trust*.

4. ———: EXECUTION OF TRUST: FRAUD. Sales under a trust, or the exe-
cution of powers not in violation of any specified condition, are not void,
and are voidable only at the election of interested parties, and the sales
will be sustained, in the absence of fraud, when directed in an honest
exercise of judgment.

5. ———: ———. A sale of lands situated in different counties covered
by two distinct trust deeds, which conferred similar powers to secure
different debts to the same person, is not absolutely void.

6. ———: PURCHASE WITH NOTICE. When the trust deed covering realty
is recorded, the purchaser of the property from the owner is charged
with constructive notice of the existence of the deed. Whether or not
such purchaser is vested with the right to maintain an action to set
aside a sale under the deed, *quaere*.

7. ———: SALE UNDER. When upon default in the conditions of a trust
deed a sale is made of the property covered thereby, the purchaser be-
comes subrogated to all the rights of the beneficiary of the deed.

*Appeal from Monona Circuit Court.*

WEDNESDAY, JUNE 7.

ON the 17th day of July, A. D. 1873, the plaintiff filed in
said circuit court a petition, stating his cause of action as fol-
lows: That he was the absolute owner of the real estate
described in petition; that no one was in possession of the
premises, and charging on information and belief that the de-
fendant makes some claim thereunto adverse to plaintiff, and

asking the establishment of his estate in the premises against such claim, and that defendant be forever barred and estopped from claiming any right or title to the premises adverse to that of plaintiff.

On the first day of January, A. D. 1874, defendant filed his answer, denying that plaintiff was the owner of the premises in dispute, and stating that plaintiff's title was obtained through fraud and deception, and in violation of the rights of defendant and his grantors. Defendant also sets up by way of counter claim that he is the owner of said premises, and states that plaintiff's pretended title casts a cloud on the title of defendant, and asks that the cloud be removed and his title established as against that of plaintiff, and for general relief.

To this answer the plaintiff filed a replication denying the allegations therein.

The material and undisputed facts, as shown by the pleadings and testimony, are as follows: On the 19th day of August, A. D. 1855, Bernhart Henn, and Elizabeth, his wife, conveyed the premises in controversy to W. B. Todd and Wm. Nourse, as trustees, and in trust to secure the payment of a promissory note of five thousand dollars given in May previously to Joseph Ingle, plaintiff's ancestor. Such note drew interest at the rate of 10 per cent., payable semi-annually, and the principal was payable in three years from date of the note.

In July of the same year Henn and wife executed another trust deed to the same trustees, and on like trusts, on several hundred acres of land in Monroe and Warren counties, to secure another note dated July 3, 1858, for five thousand dollars loaned him by said Joseph Ingle. This note was due in one year from its date. Mr. Henn died in 1865, leaving Mrs. Henn as his sole legatee, and she administered on the estate, but the notes were not presented or filed as claims against the estate, nor did Mrs. Henn have knowledge of the sale of the premises under the trust deeds until 1869, except constructive notice derived from the recording of the deed to the purchaser at the sale made by the trustees. Payment of interest, and possibly a portion of the principal, was made by Mr. Henn in his lifetime, but in January, 1865, he was anxious to turn

over the property in payment of the indebtedness. In December, A. D. 1872, Mrs. Henn conveyed whatever interest she had in the premises as sole legatee of her husband to the plaintiff, the consideration, as stated in the deed, being fifteen thousand dollars. Mr. Henn failed to pay the taxes on the premises, and Joseph Ingle, in his lifetime, and his administrators after his death (which was at some time previous to the sale of the lands under the trust deed), paid considerable sums of money in liquidation of the taxes, and since such sale the plaintiff has paid other sums of money for the same purpose.

The trust deed provided that Mr. Henn was to " use and occupy the premises and receive the rents and profits thereof " until default was made in the payment of the note, which being made, the trustees were empowered " to sell the said pieces, tracts or parcels of land at public auction, upon such terms and conditions, and at such time and place, and after such previous public advertisement as said trustees, or the survivor of them, or his heirs in the execution of this trust, shall deem advantageous and proper." The following advertisement was published in the *National Intelligencer*, a newspaper published in Washington, D. C.:

"BY JAS. C. McGUIRE & CO.,

AUCTIONEERS.

*Trustees' Sale of Valuable Iowa Lands.*

By virtue of two certain deeds of trust to the subscriber, bearing date, respectively, the 5th day of July, A. D. 1858, and the 19th day of August, A. D. 1858, and recorded, the first in Mortgage Records of Monroe county, Iowa, Vol. IV., pages 345 and 346, and in the Land Records of Warren county, Iowa, Book K, pages 108, 109 and 110, and the second in the Land Records of Monona county, Iowa, in Book B, pages 17, 18 and 19, the subscribers will sell at the auction rooms of Messrs. J. C. McGuire & Co., at the corner of Tenth street west and D street north, in the City of Washington, in the District of Columbia, on Monday, the 26th day of March,

A. D. 1866, at 10 o'clock, A. M., to the highest and best bid-ders, all these certain tracts or parcels of land conveyed in and by said deeds, lying and situate in the Counties of Mon-roe, Warren and Monona, in the State of Iowa, more particu-larly described as follows, viz: (Here follows a description of eight hundred and forty acres of land in Monroe, five hun-dred and sixty in Warren, and fifteen hundred and twenty in Monona county.)

These lands are favorably located near the lines of railways projected and rapidly approaching completion in the State of Iowa, are generally of fine character (prairie and timber), and offer a fine investment to capitalists, all property in the State of Iowa partaking of a new spirit of improvement, conse-quent upon the large recent immigration.

TERMS OF SALE. — One-half cash; the residue in equal pay-ments at three and six months, for which the notes of the purchaser or purchasers, satisfactorily indorsed, will be taken, or, at the option of the purchaser, the whole may be paid in cash.

Attention is invited to this sale, which will be positive.   A map showing the relative positions of the lands and the rail-roads will be exhibited at the sale.

W. B. TODD,
WM. NOURSE,

JAS. C. McGUIRE, *Auctioneer.*                              *Trustees.*"

The advertisement was published three weeks, and no other notice of the sale given.   On the day appointed all of said lands were sold and conveyed by the trustees to the plaintiff for the sum of sixty-three hundred and twenty dollars.   Such conveyance, among other things, states: " Said sale being such an one as said trustees deemed advantageous and proper; and the said Edward H. Ingle having paid in full the amount of the purchase money, is now entitled to a con-veyance."

The Circuit Court set aside the sale under the trust deed, and declared the same void, but charged the lands with the amount due on the note secured by the trust deed, and also

with the amount expended in payment of taxes, and continued the cause to the end that the parties might amend their pleadings, if deemed necessary. The plaintiff alone appeals.

*Monk & Selleck*, for appellant.

The power being coupled with an interest, it was not revoked ·by the death of the trustee. (1 Washb. on Real Prop., 2 ed., 526; *Collins v. Hopkins*, 7 Iowa, 463; *Boone v. Smith*, 17 Ill., 533.) The recitals of the trustees' deed are *prima facie* evidence of the facts recited. (*Beal v. Blair*, 33 Iowa, 318.) Where power is given to sell land upon default and the debtor has not provided for a sale in parcels, the sale should not be set aside because it was made in a body, if it was more judicious to sell in this way. (*Singleton v. Scott*, 11 Iowa, 589; *Benkendorf v. Vincenz*, 52 Mo., 441.) A sale *en masse* is voidable only upon proof of damage therefrom. (*Miller v. Evans*, 39 Mo., 45.) Title *bona fide* derived under a deed of trust will not be disturbed by those irregularities which might affect the validity of the sale where the power to sell is not coupled with the title. (*Rowan v. Lamb*, 4 G. Greene, 468; *Tucker v. Silver*, 9 Iowa, 261; *Newman v. De Lorimer*, 19 Id., 244.) Where a mortgagor does not ask, within a reasonable time, that a sale irregularly made under a power be set aside, the sale must stand. (*Benham v. Rowe*, 2 Cal., 387; *Robinson v. Cullom*, 41 Ala., 693; *Mitchell v. Berry*, 1 Met. (Ky.), 602.) The regularity and validity of a trustees' sale and of the purchase under it cannot be questioned by a stranger to the deed. (*Herbert v. Hanrick* 16 Ala., 584.) The purchase by a trustee of the trust property is not void, but may be avoided by the *cestui que trust*, within a reasonable time by a direct proceeding for that purpose; but such avoidance cannot be effected by the suit of a third person. (*Rice v. Cleghorn*, 21 Ind., 80; *Baldwin v. Allison*, 4 Minn., 25.)

*Joy & Wright*, for appellee.

Deeds of trust given to secure the payment of money are in legal effect mortgages. (*Newman v. Samuel* 17 Iowa,

534; *East v. Whitney*, 3 Pick., 481; 2 Story's Eq. Jur., § 1,018.) They are but a pledge, indicating the intention of the grantor to retain the title and estate, in case he pays the money secured thereby. (*Cook & Sargent v. Dillon*, 9 Iowa, 407; *Moore v. Isbell*, 40 Iowa, 383.) If the trustee is vested with discretion as to the sale it must be fairly exercised, and if proper notice is not given the sale will be set aside. (*Hart. v. Ten Eyck*, 2 Johns. Ch. 113; *Jenks v. Alexander*, 11 Paige, 619; Hill on Trustees, pp. 722–4.) In sales under a power, the authority must be strictly pursued. (*Sears v. Livermore*, 17 Iowa, 300; *Penny v. Cook*, 19 Id., 543.) In an action to set aside a sale the *onus* of proving the existence of the power and its proper exercise is upon those claiming under the sale. (*Hughes v. Harvey*, 3 G. Greene, 33; *Corbin v. Jackson*, 14 Wend., 619.) Sales under a power will be set aside on even slight proof of fraud or unfair conduct on the part of trustees; they will also be set aside if proper notice was not given. (*Penny v. Cook*, 19 Iowa, 543; 2 Am. Law Reg., N. S., 726, *et seq.*) The sale of the lands in lump invalidates it. (*Boyd v. Ellis*, 11 Iowa, 97; *Williams v. Allison*, 33 Id., 279.) Where the material facts are established by documentary evidence or the testimony of living witnesses, lapse of time constitutes no ground for refusing relief in equity. (*Obert v. Obert*, Beasley's Ch. (N. J.), 425; *Williams v. Allison*, 33 Iowa, 279.)

SEEVERS, CH. J.—I. In considering the questions presented and discussed by counsel, we are met at the threshold with the objection that there can be no trial anew in this court, for the reason that this is an action at law to which defendant interposed a defense which formed an equitable issue that was properly heard and tried as such in the court below, and that the only questions this court can determine are those passed on below, which were duly and properly excepted to. As no exceptions were taken on the trial the question presented must be determined. There is no statute declaring to which jurisdiction, law or equity, this action belongs. In fact, all forms of action

1. EQUITABLE jurisdiction: trial de novo: practice in the supreme court

are abolished by the Code, and yet the distinction between law and equity is maintained, if for no other reason that under the constitution the former is triable in this court on error alone, while in the latter there is a trial anew of the whole case. The fact that counsel for the appellant has assigned error is not deemed material. Such fact does not furnish a sufficient reason for our holding that the action is equitable. *Moses v. Continental Ins. Co.*, 40 Iowa, 440. And even if it be true that the Code gives the right of action, this does not solve the question. At common law an action to determine the right or title to real property was not maintainable unless some one was in possession. This fact, together with the object and intent of the statute, the issues presented and relief asked by both parties, the nature and scope of the questions presented for decision, enable us satisfactorily to determine that this at least is an equitable action, and that the parties are entitled to a trial anew in this court. As we proceed with the discussion of the questions involved, it will be seen that they are all of an equitable nature and character, and this we deem the best test of the character of the action. It is unnecessary to determine, and we do not do so, whether all actions brought under this statute are equitable, but only that this particular case is, and of course all others involving similar issues and questions are, of that character. There is nothing in the views herein expressed that conflicts with *Moses v. Continental Ins. Co., supra,* for the reason that the abstract states that the court below and counsel on the trial conceded the case should ·be tried *de novo* in this court, and we think the defendant should be permitted to deny this agreement. In our opinion he is estopped by his concession in the court below.

II. It is insisted that the trust deed vested the legal title in the trustees, and that the property in dispute upon the execu- 2. TRUST deed: tion of the trust belonged to the trustees, hence execution of power. that it follows they could sell and dispose of it as their own, and the question whether they sold it in accordance with the terms of the trust is not material. In this view we do not concur. The trust deed shows on its face that it was

given as security for the money specified therein, the payment of which amount at any time previous to a sale of the premises amounted to a satisfaction of the trust deed. The uniform practice in this State upon payment of the amount due is to enter satisfaction on the margin of the record where the instrument is recorded. A re-conveyance by the trustees being deemed unnecessary to vest the full and legal title in the grantor discharged of the trust, it matters not what these instruments may be called, whether deeds of trust or mortgages with a power of sale, or simple mortgages only; the grantor has a right of redemption which cannot be taken away except by a statutory foreclosure, or the same thing effected in substantial accord with the power or law of the trust deed or mortgage. *Sargent v. Dillon*, 9 Iowa, 407; *Newman v. De Lorimer*, 19 Iowa, 244; Perry on Trusts, Secs. 227, 602 *P*, 602 *L*.

III. When the trust was executed the grantor resided in Iowa, the trustees in the District of Columbia, and the beneficiary in the State of Virginia, and it is insisted that the grantor had the right to presume the trustees, under the discretion vested in them, would sell the property, if such sale became necessary to satisfy the trust, in the county where situate, and that the notice of sale would be similar to those required in judicial sales of real estate. It must be presumed the trustees were mutually selected by the parties, and were satisfactory to them. Hence there were reposed in the trustees large discretionary powers, which should be reasonably executed. It was competent, and is perhaps usual, to more clearly define and limit the discretion of the trustees, and in the exercise of this right it could have been provided that the sale of the premises should take place in the county where the property was situate, and the kind and character of the notice to be given strictly prescribed. But that the presumption can be indulged claimed by counsel is at least doubtful, and which we deem it unnecessary to determine.

IV. In connection with the foregoing, it is urged that for many reasons the notice of sale was insufficient, and in this respect that the trustees did not fairly and properly exercise the

discretionary powers with which they were vested.    Without

4. ——: exe- stating or discussing the reasons urged, we turn our
cution of
trust: fraud. attention to the question as to the effect, admitting the point to be well taken.    Was the sale absolutely void, or voidable only at the election of the grantor or beneficiary? Generally it may be said that all sales or execution of powers of this character are not void, but may be avoided only by the parties interested.    Where the power prescribed the notice should be published in the newspapers of Richmond and New York, and the sale was made without such publication, it was held void.    *Bigler v. Waller*, 14 Wall., 295.    And in *Ormsby v. Tarascon*, 3 Litt., 405, it was held that a sale made for an installment due and one not due was void.    And it is undoubtedly true that, as a general rule, where a power directs that a given thing must be done in a particular and specified manner, and there has been a total failure to comply, the execution of the power in such manner is void.

Where a discretion is vested, as in this case, in trustees, as to the mode and manner the power shall be executed, and there is no testimony showing or tending to show actual fraud, but an honest though mistaken exercise of judgment in the determination of the discretionary power vested in them, we are of opinion, and so hold, that the sale is not absolutely void, but voidable only at the election of the parties interested.

It is proper to say that no actual fraud is claimed to exist, except such as arises from the defective and improper execution of the power vested in the trustees.

V.    If we are correct in the foregoing conclusions, the fact that the lands in three different counties, and included in two and distinct trust deeds, to secure distinct and different debts, but which contained similar and identical powers as to the sale, were sold under the notice (copied in the statement of facts), does not render the sale absolutely void, but voidable only.

VI.    The sale by the trustees and the purchase of the plaintiff was in 1866; the deed conveying the premises to the

6. ——: pur- plaintiff was filed for record on the 19th day of
chaser with
notice. September, A. D. 1866, and duly recorded.    Mrs. Henn conveyed the premises to the defendant on the 19th day

of December, A. D. 1872. At the time of this conveyance the defendant was chargeable with constructive notice of the conveyance to the plaintiff, and also with such notice of the trust deed, which had long previous to that time been duly filed for record and recorded. The defendant then fully knew all the facts and circumstances, and that in all probability he was buying a law-suit. It may be doubtful whether the conveyance to the defendant vested him with the right to avoid the proceedings of the trustees and sale to the plaintiff, and does the conveyance of the premises amount to an assignment of Mrs. Henn's right to have the sale set aside? As we have said, this is regarded as doubtful, but it is clear that by the conveyance the defendant obtained no other or better rights than those of Mrs. Henn.

VII. It does not appear that Mrs. Henn made any effort to pay taxes on the lands, or that she made any inquiry as to the amount claimed to be due, or, in fact, paid any attention to the deeds of trust or rights claimed thereunder until long after the sale and conveyance to the plaintiff. She, in fact, never heard of the sale and conveyance to the plaintiff until three years after the deed was recorded. Nor does she then make any inquiry or effort to redeem or negotiate therefor. In fact, she did nothing until the conveyance of the premises to the defendant in 1872. In the meantime the lands had enhanced in value and the original indebtedness had become barred by the statute of limitations. Even after all this Mrs. Henn, and the defendant as her grantee, made no effort to redeem the property or to pay taxes, but on the contrary permitted the plaintiff to pay the taxes from year to year, and then, when this action is brought, the defendant makes no effort or even offers to pay the taxes or any portion of the original indebtedness. It would be great injustice to permit Mrs. Henn or the defendant to have and possess these lands without paying the amount due on the debt secured by the trust deed, and also the taxes paid to protect and preserve the title. By the purchase at the sale the plaintiff became subrogated to all the rights of the beneficiary to the extent of the amount of the purchase money and the

7. ——: sale under.

Ingle v. Culbertson.

taxes subsequently paid by him, and defendant should have tendered or offered to pay that amount at least. The note secured by the deed of trust was dated in May, A. D. 1858, and became due in May, A. D. 1861. It, therefore, was not barred by the statute of limitations until May, A. D. 1871, the sale and conveyance to plaintiff having been made and the latter filed for record in 1866, and of which Mrs. Henn was bound to take notice. A period of five years, it will be seen, intervened between filing the conveyance for record until the bar of the statute became complete, nor did it so become complete until two years after Mrs. Henn had actual notice of such conveyance to the plaintiff. The defendant impugns and seeks in a court of equity to set aside the plaintiff's title, totally ignoring the time-honored and universal rule in courts of equity that he who asks equity must do equity.

It is exceedingly doubtful, to say the least, whether the power exists in any court to charge these lands with the payment of a debt which is barred by the statute of limitations. But the question need not be definitely determined. The plaintiff is not required to take the chances of such litigation.

The length of this opinion forbids any further discussion of the questions involved. The court below erred in setting aside the sale and conveyance to the plaintiff. A decree will be entered here in accordance with the prayer of the petition, or at the option of the plaintiff the cause will be remanded to the court below with directions to enter a decree in accordance with this decision.

REVERSED.