## HAMMERSHAM v. FAIRALL ET AL.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. Where the abstract fails to show that a motion was made to have an equity cause tried upon written evidence, it will nevertheless be presumed that such motion was made if it shall appear that the court ordered the case to be so tried, or if the proper certificate to the evidence be made, showing that it was taken in writing pursuant to an order of court.

2. **Judicial Sale:** REDEMPTION FROM: FRAUD. Where the execution and return were kept in the office of the judgment plaintiff's attorneys until after the time for redemption had expired, and the party having the right of redemption had made reasonable efforts to ascertain the amount necessary to redeem without avail until after the time had expired, when he paid the amount to the clerk, it was *held* that the sheriff's deed should be set aside and redemption permitted.

*Appeal from Johnson District Court.*

FRIDAY, OCTOBER 20.

ACTION in equity to enforce an alleged right of redemption from a sheriff's sale, after the expiration of the statutory

period of one year. Certain equitable circumstances are set up in the petition, the purport of which are that plaintiff had the money and attempted to redeem within one year, but was prevented by reason of the failure of the clerk to find in his office any evidence of the sale or amount thereof, and because defendants refused to give her the necessary information to enable her to redeem, they having withheld the evidence of sale from the records.

The land in controversy was conveyed to the plaintiff by the mortgagor after the sale, and during the year allowed for redemption. It was purchased at the sheriff's sale by one Schnabe, who assigned the certificate of purchase to the defendants, Fairall and Bonorden, and Bonorden after taking a sheriff's deed conveyed the premises to the defendant, Cloud.

The court below entered a decree allowing the plaintiff to redeem, and the defendants appeal.

*Geo. J. Boal*, for appellants.

*Clark & Haddock*, for appellee.

SEEVERS, CH. J.—I. This being an equitable action triable *de novo* in this court, provided the record be properly pre-

1. PRACTICE in sented, the first question to be determined is, have
the Supreme we such a record as will entitle appellants to trial
Court: trial
de novo. anew? Counsel for the appellee make this point and insist no such trial can be had.

The abstract nowhere shows that any motion was made in the court below to have the cause tried on written evidence, or that any order to that effect was made, or that the judge certified the evidence. In fact, so far as appears by the record, there is an entire absence of any of the requirements of § 2742 of the Code. We do not hold that, in order to entitle an appellant to a trial anew in this court, the record should show affirmatively a literal compliance with these provisions of the statute.

If it should appear that the order was made by the court, providing for a trial on written evidence, it would be a fair

presumption that such order was made in pursuance of a motion, or if the proper certificate to the evidence be made, showing that it was taken in writing pursuant to an order of the court, this would be sufficient. It is, however, necessary that the proper certificate be made. It is the only method of showing what evidence was introduced on the trial. In this condition of the record we can only examine the legal errors assigned.

II.   The court below made a written finding of facts and

2. JUDICIAL
sale: redemp-
tion from:
fraud.

conclusions of law, and we must presume such finding was sustained by the evidence, and the only question there is, assuming the facts found to be true, did the court below err in its conclusions of law.

It is not necessary to set out the facts found at length. It is sufficient to say that the land was found to be worth from $2,000 to $2,400, and was sold at sheriff's sale for $749. The sale was made on the 7th day of February, 1873. The execution and return were kept in the office of the attorneys of the plaintiff in execution, and were not filed in the clerk's office until the 7th day of January, 1874. The plaintiff is an ignorant woman, and had to rely entirely on others for information as to the necessary steps to take to effect a redemption from the sheriff's sale. In the first week in February, 1874, and before the 7th, the plaintiff having made the necessary arrangements for procuring the money to effect the redemption, and the money being ready at her disposal, called on Schnabe for information. He referred her to Fairall & Bonorden whom he said had the papers. She employed an attorney who went to the clerk's office, and with the assistance of the clerk made a search for the evidence of the sale and amount thereof, and neither the clerk or attorney could find the execution, or return, or any evidence that a sale had actually been made, nor did the judgment docket show a return of the execution. Her attorney on the same day called on Bonorden, one of the defendants, for information and obtained none. While the plaintiff was thus ready to redeem, and using reasonable efforts to ascertain the amount and time for redemption, the year expired. On the 21st day of February, 1874,

being advised as to her rights she paid to the clerk the necessary amount to redeem from the sale. The defendants, Fairall & Bonorden, purchased the certificate of sale from Schnabe, paying him $100 more than was due thereon, and on the 25th day of December, 1873, contracted to sell the land to defendant, Cloud, for $2,000 provided it should not be redeemed. After Cloud paid $200 and before he paid any more on the purchase, he had full notice of the plaintiff's claim. He became a purchaser long before the period of redemption expired, and knew that plaintiff had the right to redeem. Such in substance being the facts found, and being deemed for the purposes of this case to be true, there can be no question that the conclusion of law, that plaintiff should be allowed to redeem, and the sheriff's deed to Bonorden and the deed from Bonorden to Cloud should be set aside, and that plaintiff should have her writ of possession, was correct. It certainly could not be expected that the plaintiff should be able to find the evidence of the amount necessary to redeem, when the clerk and her attorney were unable to do so. The application of her attorney to Bonorden, one of the defendants, and at the time one of the holders of the certificate of purchase, for information was equally unavailing.

In conclusion, it may not be improper to say that we have each carefully read the evidence and the arguments of counsel, and if the case were before us for trial anew on the evidence here presented, we should concur with the court below and affirm the decree.

AFFIRMED.