RICHARDS ET AL. V. HINTRAGER.

1. **Practice in the Supreme Court**: TRIAL DE NOVO. To entitle a party to· trial *de novo* in the Supreme Court, he must move upon the trial in the court below that all the evidence be taken down in writing.

2. ———: ———: CONSTITUTIONAL LAW. While the right to a trial *de novo* cannot be taken away by legislative action, yet it is competent for the legislature to regulate the manner in which the right shall be exercised.

3. ———: ———: BILL OF EXCEPTIONS. Where the evidence is not preserved by bill of exceptions, and no exceptions to the judgment are taken, in a case not triable *de novo* in the Supreme Court, there is nothing presented upon which the court can review the decision of the court below, or determine that the appellee is not entitled to the relief granted.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 14.

THIS is an equitable proceeding in which the plaintiffs seek to set aside a certain tax sale of their real property, and to have the deeds made in pursuance of such sale declared void, because of the existence of certain matters stated in the petition. The answer admitted certain allegations in the petition, denied others, and alleged certain facts in avoidance of others.

The District Court found for the plaintiffs and rendered judgment accordingly. Defendant appeals.

*E. McCeney*, for appellant.

*D. C. Cram*, for appellee.

SEEVERS, CH. J.—I. It is apparent from the abstract that this cause was tried below upon oral testimony taken in open court as contemplated in § 2741 of the Code. No motion was made, as provided in § 2742 of the Code, for a trial upon written evidence. Nor does it appear that the evidence was written down by the order or direction of the judge. The abstract, however, purports to set out all the evidence, and at the conclusion thereof states:

*1. PRACTICE in the supreme court: trial de novo.*

"This being all the evidence, the court on the 14th day of August, 1875, rendered the decree."

The appellee insists that under these circumstances there cannot be a trial *de novo* in this court, and such was the ruling in *Walker v. Plummer*, 41 Iowa, 697, which has been followed in several other cases since that decision.

It is insisted by appellant that inasmuch as a trial *de novo* in equity causes is guaranteed by the Constitution, any statute which destroys or takes away such right is unconstitutional. In so claiming the appellant is undoubtedly sustained by *Sherwood v. Sherwood,* 44 Iowa, 192.

But the right of appeal and trial anew is not taken away or destroyed, nor does the statute in any manner impair such right. While it is not competent to take away the right of trial *de novo* by statute, yet such right may be thereby regulated.

2. —: —: constitutional law.

A party may be entirely willing to submit his cause to a court before whom the witnesses are examined orally upon a certain amount of testimony, but would be unwilling to so submit it if he knew there was to be a trial *de novo* in this court. Hence the necessity of the motion, or some other action in the court below equivalent thereto.

The theory of the statute is that the parties shall be advised at the appearance term whether a trial *de novo* will be insisted on in this court, in case there is an appeal, so they may prepare their testimony accordingly.

II. The evidence was not preserved by bill of exceptions, nor was there any finding of facts, motion for a new trial, or exception taken to the judgment, or any other ruling of the court below. Error, however, is assigned that "under the pleadings and evidence the plaintiffs were not entitled to the relief prayed for and given by the decree."

The appellee insists that such a record presents no question this court can try and determine.

As there can be no trial anew the defendant has the right to have any errors of law committed by the District Court which were duly excepted to and assigned as error determined. But the difficulty is, no exceptions were taken, and therefore

there is nothing we can consider. This has been ruled so often, and is so well understood, that a citation of authorities is unnecessary.

Besides this, under the assignment of error nothing can be considered by us unless the cause has been placed in such a position as to enable us to review the finding and decision of the court on the facts as well as the law. *Dean v. White*, 5 Iowa, 266.

The judgment of the District Court is therefore

AFFIRMED.