ALTMAN & CO. v. FARRINGTON ET AL.

1. **Practice in the Supreme Court**: TRIAL DE NOVO. Where no
motion was made in the court below to have the case tried on written
evidence, and the evidence in not certified by the trial judge, the case
will not be tried *de novo* in the Supreme Court.

2. ———: FINDING OF FACT: EVIDENCE. A finding of fact will not be
disturbed because not sustained by the evidence, when there is evidence
tending to support it.

*Appeal from Cedar District Court.*

WEDNESDAY, APRIL 18.

ACTION to recover certain real estate. The plaintiff's title
is based on the foreclosure of a mortgage and a sheriff's deed,
made in pursuance of a sale under said foreclosure proceed-
ings. The defendant's title is based on a sale for taxes, and a
deed made in pursuance thereof. The petition alleged that
the tax title under which the defendants claim one-half of the
land in controversy was void for the reason that the taxes
had been paid.

The plaintiffs also sought to foreclose a mortgage as to the
other half of the land, said mortgage having been executed
by the defendants, and it was claimed that the title of Betsey

Farrington under the tax sale was fraudulent and void as against such mortgage, because her husband, Philip Farrington, had furnished the money with which the said Betsey procured said title.

The answer denied the allegations of the petition, and alleged that said Betsey had purchased said tax title with her own means.

There was a trial to the court, who found for the plaintiffs, and rendered judgment accordingly. The defendants appeal.

*I. N. Numan* and *Clark & Haddock*, for appellants.

*A. B. Oakley* and *Piatt & Carr*, for appellees.

SEEVERS, J.—No motion was made in the court below to try this case on written evidence, nor is the evidence certified
1. PRACTICE in by the judge of the District Court, and the appel-
the supreme lee insists that there cannot be a trial *de novo* in
court: trial
de novo. this court, under sections 2741, 2742, of the Code.
In this view we concur. *Moses v. Continental Ins. Co.*, 40 Iowa, 441. Such being true the only question before us must arise on the legal errors duly excepted to in the court below, and assigned as error here. The only error assigned is that " the court erred in entering judgment for plaintiffs, said judgment not being sustained by the evidence."

There was evidence showing that, as to half the land in controversy, the tax title was void because the taxes had been paid. Code, section 897. As to the validity of the tax title to the other half of the premises the plaintiffs gave evidence tending to show that the consideration with which it was purchased was furnished by the defendant, Philip, and that the
2. ———: find- whole business was conducted by him. The evi-
ing of fact:
evidence. dence also tended to show that the transaction was fraudulent. Under these circumstances we cannot disturb the finding below. As we have repeatedly said, the question before us is not whether the finding of fact is, in our opinion, sustained by the evidence but it is was there evidence tending to support such finding. In our opinion, the court below

could have well concluded, under the evidence, that the placing the tax title in the name of Betsey Farrington was a fraud on the plaintiffs.

AFFIRMED.