MACLAY ET AL. v. BUNKERS ET AL.

PRACTICE IN THE SUPREME COURT: APPEAL.

*Appeal from Dubuque District Court.*

FRIDAY, APRIL 20.

THE defendants, B. Bunkers & Co., were merchants dealing in hardware at Dyersville, Dubuque county. On the 2d day of June, 1875, they executed a chattel mortgage on their stock of hardware, to the defendant, H. D. Bunkers. On the 10th day of August, 1875, they made a general assignment, for the benefit of their creditors, to said H. D. Bunkers. The assignee took possession of the partnership property, and entered upon the discharge of his duties.

On the 9th day of November, 1875, said H. D. Bunkers presented his petition to the court below, setting out said chattel mortgage, and asking that it be allowed as a preferred claim, and paid in full out of the assets in his hands as assignee. The plaintiffs, who are creditors of B. Bunkers & Co., filed certain objections to the allowance of said claim. The defendant, H. D. Bunkers, filed an answer to said objections.

Upon the issues thus presented, the cause was heard by the court below, and an order made that the said chattel mortgage should be a preferred claim against the estate of the insolvents. Plaintiffs appeal.

*Graham & Cady*, for appellants.

No appearance for appellee.

Rothrock, J.—I. It is not claimed in the argument of counsel for appellant that this proceeding is in the nature of an equitable action, and triable anew in this court. If, however, the issues are of an equitable character there can be no trial *de novo* here, because it appears that the cause was tried in the court below upon oral evidence taken in open court, and it does not appear that any motion was made for a trial upon written evidence, or that the court caused the evidence offered on the trial to be taken down in writing and certified by the judge, as required by Sec. 2742 of the Code.

In this condition of the record we can only try the legal errors duly presented. Code, Sec. 2741. There must be a compliance with the requirements of Sec. 2742, to entitle parties to a trial anew of equitable actions in this court.

II. There are no errors assigned by appellants. It is necessary that there should be in order to have a trial upon error. This court can only regard errors which are assigned. Code, Sec. 3207.

AFFIRMED.