STODDARD & REMWICK v. HARDWICK ET AL.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. Where the cause is in the nature of an equitable action and the abstract recites that the evidence was by order of the court reduced to writing and made a part of the record of the case and purports to contain all the evidence given upon the trial, the case is triable *de novo* in the Supreme Court.

*Appeal from Montgomery District Court.*

FRIDAY, JUNE 8.

THIS action was originally commenced to recover of defendant, Hardwick, upon a promissory note. The action was aided by attachment which was levied upon certain lands claimed to be the property of said defendant.

Hamilton Dean, the appellant, filed his petition of intervention claiming that he conveyed the lands in question to Hardwick in January, 1874, and that Hardwick executed to him certain promissory notes as the consideration for said lands; that said notes were unpaid, and he claimed a vendor's lien for the amount due thereon. He averred that the notes were in the possession of Hardwick, and that such possession was obtained from him by means of fraud and deception practiced by Hardwick.

Hardwick answered the petition of intervention, admitting the purchase of said property, and alleging that all of said notes claimed to have been owned by Dean had been fully paid.

Afterward, H. N. Moore filed his petition of intervention against all the parties, alleging that on March 23, 1874, the defendant was seized in fee of said lands, and on that day conveyed the same to one Sarah Allen, by warranty deed; and that on the 18th day of April, 1874, said Sarah Allen conveyed said land by like deed to him, said Moore. He alleges that the land was then free from encumbrance and that he believed that said Dean had been fully paid therefor. He further avers that Dean had in fact been fully paid.

Dean answered Moore's petition of intervention, alleging that the deed from Hardwick to Sarah Allen was without consideration and made without her knowledge, and never was delivered to her; that at the date of said deed he, Dean, was in possession of said lands; that such possession had been surrendered to him by Hardwick under the agreement that he should hold possession until the purchase money should be fully paid; and that said Moore had full knowledge of such right.

On the .... day of June, 1874, plaintiffs dismissed their action. The issues between Dean and Moore, intervenors, and Hardwick, defendant, were tried to the court. A decree was rendered finding that Hardwick had paid Dean all of the purchase money for said land, and that, therefore, he was neither entitled to a judgment against Hardwick nor to enforce a vendor's lien against Moore.

Hamilton Dean appeals.

*W. S. Strawn*, for plaintiffs.

*B. F. Montgomery*, for defendant.

*B. F. Montgomery* and *C. E. Richards*, for H. N. Moore.

*J. R. Welpton, McPherson & Scott* and *W. S. Strawn*, for Hamilton Dean, appellant.

ROTHROCK, J.—I. Counsel for appellees argue the case upon the theory that it is not triable anew in this court. The argument of counsel for appellant is silent upon this question. We find, however, that the abstract purports to contain all the evidence and recites that the evidence was by order of the court taken down in writing and filed with the clerk and made a part of the record of the case. The cause is in the nature of an equitable action, and we think a sufficient compliance with the provisions of section 2742 of the Code has been shown to entitle appellant to a trial *de novo* upon appeal.

1. PRACTICE in the supreme court: trial de novo.

II. As we view the case it presents questions of fact only. The material question is as to whether Hardwick was indebted

to Dean upon the notes in controversy. Hardwick had, before suit was commenced, obtained possession of all the notes but one against which he held a receipt of payment in full. The burden of proof was upon appellant to show that notwithstanding this state of facts, Hardwick still was indebted to him upon the notes.

We have carefully examined the evidence upon this question and concur with the court below in holding that appellant fails to make a case entitling him to a judgment against Hardwick. Having thus found, it is an end of the case. If he is not entitled to anything as against Hardwick, it follows that he can have no claim against the land, or against the grantees of Hardwick. It is not necessary that we should set out and discuss the evidence. It is voluminous and a review of it would serve no useful purpose.

AFFIRMED.