TRESCOTT v. BARNES ET AL.

1. **Practice**: TRIAL DE NOVO. To entitle the appellant to a trial *de novo* in the Supreme Court, a motion must have been made at the appearance term that the evidence be taken down in writing, and the omission to make such a motion cannot be remedied at a term subsequent to the trial.

*Appeal from Clayton District Court.*

FRIDAY, OCTOBER 5.

ACTION upon a promissory note. An answer and cross-petition was filed setting up that the note was given with others for the purchase of a house and lot; that the title to be conveyed was to be free from incumbrance; that said property was incumbered, and defendants elected to rescind the contract, and asked that the notes be surrendered up for cancelation.

To this cross-petition there was an answer setting up that there was a mistake in the title bond, and asking that the same be reformed so as to except the said incumbrance from the stipulations of the title bond.

There was a trial by the court. A decree was entered reforming the title bond as prayed by plaintiff, and a judgment was rendered against the defendants upon the note. Defendants appeal.

*Stoneman & Chapin*, for appellants.

*James O. Crosby*, for appellee.

ROTHROCK, J.—I. An opinion was filed at the October Term, 1876, at Davenport, reversing the decree and judgment in this case. Within the proper time a petition for rehearing was filed. A reply was ordered which has been filed, and the cause has again been submitted.

1. PRACTICE: trial de novo.

Upon considering the arguments upon rehearing in connection with other cases determined since filing the former opin-

ion, we have arrived at a different conclusion from that first announced. We do not think the cause is triable anew in this court for the following reasons:

The record contains no motion for a trial upon written evidence. No order was made at any time before the trial that the evidence be taken in writing. The trial was had on the 19th day of May, 1875, and the decree was entered two days afterward. On the 23d day of September, 1875, the defendants filed a motion for an order to be entered as of the May term, 1875, showing that in open court, before the trial of the cause, the defendants orally moved the court and requested that all the evidence offered on the trial be taken down in writing, which was accordingly ordered and done. This motion was sustained and a *nunc pro tunc* order entered reciting that such oral request was made, and that all the evidence was taken down in writing as ordered by the court.

This, we think, does not show a compliance with Sec. 2742 of the Code. That section requires that a motion be made at the appearance term.

A motion is a written application for an order addressed to the court. Code, Sec. 2911.

The oral request, and taking down the evidence in pursuance thereof, was no more than a compliance with Sec. 181 of the Code, which provides for recording the oral testimony of witnesses by the short hand reporter upon request of either of the parties to the action.

No such motion or order having been made before the trial, as the law contemplates, the omission cannot be supplied at a subsequent term in order to give the appellants a standing in this court which they would not otherwise have.

II. There is no assignment of errors. The main question is whether the decree is warranted by the evidence. If we had a proper assignment of errors to raise this question, we could not reverse the decree and judgment. There is a strong conflict in the evidence, and we cannot say that the decree and judgment were the result of passion or prejudice.

AFFIRMED.