## CLARK & HADDOCK v. REYNOLDS.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. To entitle the appellant to a trial *de novo* in the Supreme Court, the motion that the evidence be taken down in writing must have been made at the appearance term. When the evidence is oral it must have been certified by the trial judge.

2. **Practice:** FINDING OF COURT. The finding of the court has the effect of the verdict of a jury, and when the evidence is conflicting it will not be disturbed because not supported by the weight of evidence.

*Appeal from Johnson District Court.*

WEDNESDAY, OCTOBER 17.

THIS action was commenced as an action at law. Plaintiffs, as assignees of one H. W. Collins, sought to recover of the defendant and appellant herein, upon an account for $34, an

alleged balance due upon the purchase of certain promissory notes from said Collins, by said Reynolds, and claiming $650 more, as due upon a certain written contract.

The original petition was filed on the 14th day of December, 1874. At the January term, 1875, defendant, Reynolds, demurred to the petition, because it did not appear from the petition that the instrument declared upon was yet due. The demurrer was sustained.

Plaintiffs took leave to amend, and on the 9th day of February, 1875, filed a petition in equity alleging that there was a mistake in writing the said contract for $650, when it should have been $684, and in writing it so that it did not become due until the happening of a certain contingency therein named, but that it should have been written so as to be payable unconditionally in July, 1874. The prayer is for the correction of the written instrument to correspond with the alleged contract between the parties, and for judgment accordingly.

At the January term, 1876, a demurrer to the amended petition was overruled. Defendant, Reynolds, answered the amended petition denying every material allegation as to a mistake in the written instrument, in amount or otherwise, and averring that it was strictly in accordance with the contract.

Upon this issue the case was called for trial on the 26th day of June, 1876, at which time it was ordered "that the evidence in the cause be taken by the reporter during the progress of the trial, and made a part of the record in the cause."

There was trial by the court. A decree was entered reforming the written instrument as prayed in the petition, and judgment was rendered against the defendants for the amount claimed to be due. Defendant, Reynolds, appeals.

*Robinson & Patterson*, for appellant.

*Clark & Haddock*, for appellee.

ROTHROCK, J.—I. The first question presented is whether the action is triable anew in this court.

It will be observed from the foregoing statement that the amended petition in equity was filed on the 9th day of Feb-

**1. PRACTICE in the supreme court: trial de novo.** ruary, 1875. A demurrer to the amended petition was overruled at the January term, 1876. The trial was had at the June term, 1876. The order providing that the evidence should be taken by the reporter was made at the time the case was called for trial.

We think the record thus made does not entitle the parties to a trial *de novo.*

Sec. 2742 requires that if any party desires to put the case in a position where a trial anew may be had in this court, he may do so by the proper motion, at any time during the appearance term. There are two methods of trial upon written evidence, where it is desired that a trial anew upon appeal to this court may be had. One is by depositions; the other by causing the oral evidence offered on the trial to be taken down in writing to be certified by the judge. A certificate of the judge, and not the clerk, is required when the evidence is taken by the latter method.

In this case the record does not show that any action was taken by either party, or by the court, at the appearance term, and there is nothing from which it may be presumed such action was taken, and there is no certificate of the judge to the evidence. For aught that appears this order may have been made for the convenience of counsel and the judge in the trial and disposition of the case in the court below. It is no more than an order to take the testimony by the official reporter, as provided for in Sec. 181 of the Code. We frequently have to regret the enforcement of rules like this, as in some instances the effect of the rule produces a different result from what would be reached upon a consideration of the merits of the case. In this case the question is made and insisted upon, and we have no discretion. We cannot disregard the provisions of the statute. We can only consider the case upon the errors assigned, as in a law action.

II. The question upon the merits of the case is whether

**2. PRACTICE: finding of court.** there was such mistake in the written contract as to authorize its reformation. The evidence is to

some extent conflicting, and, regarding the finding of the court the same as we would the verdict of a jury, we cannot disturb it, under the rule so often announced here, and which we need not repeat.

It is unnecessary that we should refer to the evidence in detail.

AFFIRMED.