VINSANT v. VINSANT.

1. **Practice in the Supreme Court:** TRIAL DE NOVO: APPEARANCE TERM. The appearance term contemplated by section 2742 of the Code is the term when it first becomes apparent there is for trial and determination any issue of fact.

2. ——: ——: JUDGE'S CERTIFICATE. The certificate of the judge to the evidence is necessary in all equitable actions, unless the parties to the action agree that the abstract contains the evidence and all the evidence offered on the trial below.

*Appeal from Page District Court.*

SATURDAY, DECEMBER 15.

ACTION for a divorce. The District Court refused to grant any relief, dismissed the petition, and the plaintiff appeals.

*Morsman & Clark* and *N. B. Moore*, for appellant.

*Hepburn & Thummel* and *Wm. McPherin*, for appellee.

SEEVERS, J.—No errors are assigned, and the appellee insists that the cause is not triable *de novo* in this court because of the failure to comply with § 2742 of the Code. If this is true, there must be an affirmance. *Maclay et al. v. Bunkers, Assignee*, 46 Iowa, 700.

We have been called upon on several different occasions to construe this statute, and in order to entitle a party to such a trial in this court it has been held: 1. That a motion must be made at the appearance term. 2. The court must at that term order all the evidence to be taken in the form of depositions, or that all the evidence offered on the trial be taken down in writing. 3. That such evidence must be certified by the judge, and made a part of the record. 4. That the certificate should not be printed in full in the abstract, but only a statement to the effect that the judge had certified the evidence. 5. That the motion contemplated in § 2742 means a motion in writing, as defined in § 2911 of the Code. *Moses v. Continental Ins. Co.*, 40 Iowa, 440; *Walker v. Plummer*,

41 Iowa, 697; *Hammersham v. Fairall et al.*, 44 Iowa, 462; *Clark & Haddock v. Reynolds*, 46 Iowa, 674; *Trescott v. Barnes*, 46 Iowa, 644.

In *Ashcraft v. DeArmond*, 44 Iowa, 229, it was held that, if it should appear the court ordered the evidence to be reduced to writing by a commissioner or other person, it would be presumed, in the absence of any showing to the contrary, that one of the parties made the motion required by the statute, or if it should appear the motion was properly made and the court should certify the record before us contained all the evidence it would then be fair to presume that the court did what the statute required, and ordered all the evidence to be taken down in writing. Substantially the same ruling was made in *Hammersham v. Fairall et al.*, before cited. These cases go as far as it is possible to do without ignoring the letter and spirit of the statute.

In *Stoddard & Remwick v. Hardwick*, 46 Iowa, 160, the abstract purported to contain all the evidence, and recited that the testimony was taken down in writing and filed with the clerk and made a part of the record. Therefore the presumption was indulged, in accord with the previous rulings, that the proper motion had been made. No ruling was made in this case as to the necessity of a certificate of the judge.

In *Trescott v. Barnes*, 46 Iowa, 644, the abstract did not show that any motion or order had been made at the appearance term. There was nothing in the record from which any presumption could be indulged, and the application for a *nunc pro tunc* order affirmatively showed that no such motion or order as the law contemplates had been made at the proper time. It was, therefore, held the omission could not be supplied at a subsequent term.

The reasons why a motion and order should be made at the appearance term are briefly stated in *Richards v. Hintrager*, 45 Iowa, 253. It will be seen that what is the appearance term has not been defined. Ordinarily, it is the first term after legal service has been made. Code, § 2744. But suppose a demurrer to the petition or cross petition setting up an equitable defense

1. PRACTICE in the supreme court: trial de novo: appearance term.

to an action at law is filed at that term, which for some reason is not disposed of during such term, must the motion and order be then made, although the case may be disposed of finally by the ruling on demurrer. We are disposed to believe, and therefore hold, that the appearance term contemplated by this statute is that term when it first becomes apparent there is for trial and determination any issue of fact.

Neither has it been determined with certainty whether a judge's certificate is necessary where the evidence consists wholly of depositions. Such a certificate, we think, should be furnished in all equitable causes, unless the parties agree upon what the evidence was on the trial below, and that it is all contained in the abstract. Such an agreement is the only thing which can obviate the necessity of a certificate from the judge that the evidence is all before us. Section 3170 of the Code refers to actions at law only. If this be not so there would be a direct conflict between it and Code, § 2742.

2. ——: ——: judge's certificate.

In the case at bar there is no pretence any motion was made. All that appears is the following statement in the abstract: "The foregoing evidence is all that was introduced, and was reduced to writing at the time by the official reporter for the court, and by order of the court." For aught that appears this order was made for the convenience of the court solely. There is nothing to indicate that it was made with the intent of having a trial anew in this court. The evidence was not ordered to be made a part of the record, as in *Stoddard & Remwick v. Hardwick*, before cited. Nor is it claimed or pretended the judge has certified that all the evidence introduced on the trial is contained in the abstract.

It is said by counsel in argument that a motion was in fact made at the proper time, and that the court made the order accordingly. Unfortunately we are not allowed to take and consider as true the statements made by counsel under such circumstances.

AFFIRMED.

# REPORTS

OF

## Cases in Law and Equity,

DETERMINED IN THE

# SUPREME COURT

OF

## THE STATE OF IOWA:

### DES MOINES, JUNE TERM, A. D. 1878.

IN THE THIRTY-SECOND YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,  ⎫
" WILLIAM H. SEEVERS, ⎬ JUDGES.
" JAMES G. DAY. ⎭