## BERRYHILL v. SMITH ET AL.

1. **Practice:** TRIAL IN EQUITABLE ACTIONS: ORDER. The order of the court respecting the trial of equitable actions, contemplated by section 2742 of the Code, is an order entered in writing, and it must be made before the trial to entitle the appellant to a trial *de novo*.

*Appeal from Johnson Circuit Court.*

SATURDAY, APRIL 26.

ACTION to foreclose a mortgage. There was a trial on the issues joined to the court, a finding and decree for plaintiff, and defendants appeal.

*Boal & Jackson* and *Fairall, Bonorden & Ranck*, for appellants.

*Berryhill & Henry*, for appellee.

SEEVERS, J.—It is insisted by the appellee that this cause cannot be tried *de novo* in this court, and must, therefore, be affirmed. The March Term, 1877, was the appearance term. The issues were then settled, and it became known there was for trial an issue of fact. No motion was made, at that time or any other, for a trial on written evidence; nor did the court order at that time that the cause should be so tried.

1. PRACTICE: trial in equitable actions: order.

The trial was at the following September Term, and no order was made at that time for a trial on written evidence, except as will be presently stated.

Upon the rendition of the decree the defendants excepted thereto, and thirty days were given in which to file a bill of exceptions. Within two days of the expiration of that time a bill of exceptions, embodying the evidence, was duly signed and attached thereto, with the following certificate of the trial judge: "I do hereby certify that the foregoing bill of exceptions contains all the evidence introduced in the trial of the cause referred to; that such evidence was taken down in writing by order of the court, *  *  * and filed with the clerk and made a part of the record in the cause."

This certificate contemplates a past, not a present transaction. If there was a previous order for a trial on written evidence it existed in parol only.

An order is defined to be a direction of a court or judge, "entered in writing" (Code, § 2922), and this is the character of the order required in Code, § 2742. *Trescott v. Barnes,* 46 Iowa, 644.

It certainly will not do to say that, after the trial has taken place, the court can order that such trial shall be had in a particular manner, or that a certain effect shall follow if it has in fact been tried in such manner. The order required by the statute must be made before the trial, and the same reason exists for making it at the appearance term as in requiring the motion to be then filed. *Richards v. Hintrager,* 45 Iowa, 253.

It will be readily seen there is nothing in *Hammersham v. Fairall*, 44 Iowa, 462, and *Stoddard & Renwick v. Hardwick et al.*, 46 Id., 160, in conflict with the views herein expressed.

There having been neither motion nor order made at the appearance term there cannot be a trial *de novo* in this court, as we have frequently determined.

To prevent misapprehension it may be well to say that if a motion has been in fact made at the appearance term, and an order made at a subsequent term before the trial, the question whether in such case there can be a trial anew here is not in this case. The finding of the court below has the force and effect of a verdict, and under the practice of this court it cannot be disturbed. The only other questions presented in argument by the appellants have been determined adversely to them in *Clough v. Seay*, 49 Iowa, 111, and *Simondson v. Simondson*, 50 Id., 110.

AFFIRMED.