## THE COUNTY OF WOODBURY v. LAMBERT ET AL.

PRACTICE IN THE SUPREME COURT: TRIAL DE NOVO.

*Appeal from Woodbury District Court.*

MONDAY, JUNE 9.

·. ACTION to foreclose a mortgage. Several defenses were interposed. There was a reference, and a finding of facts by the referee. The report

of the referee was confirmed by the court, and judgment in accord therewith for the defendants. The plaintiff appeals.

*M. B. Davis* and *Geo. W. Wakefield*, for appellant.

*Tredway & Cleland*, for appellees.

SEEVERS, J.—It is strenuously insisted by the appellees that this cause is not triable *de novo*, and as no errors have been assigned there must be an affirmance, as was ruled in *Maclay v. Bunker's Assignee*, 46 Iowa, 700, and *Vinsant v. Vinsant*, 47 Id., 594.

A careful examination of appellant's abstract discloses the following facts: The petition was filed in March, 1875. In April following the defendants filed their answers, and in October, 1875, the reply was filed. The cause was then at issue, but it does not appear anything further was done at that term.

In October, 1876, the defendant F. I. Lambert filed an amended answer, but what this contained we are unable to determine, as it is not set out in the abstract. But it is there stated such answer was substantially the same as defendants' former answer.

Nothing further was done until April, 1877, when the defendants filed their separate answers alleging that the note and mortgage sued on were executed by the defendants to prevent a criminal prosecution against F. I. Lambert for embezzlement, and that in consideration thereof the county had compounded a felony.

Following this, and on April 26, 1877, the court, by consent of parties, ordered that the trial be had on written evidence, and on the next day there was a reference to Charles McKensie, Esq., who was directed to find the facts and report. The judgment, it was agreed, might be entered in vacation.

In August, 1877, the referee made his report, which was confirmed and a final decree entered.

Before there can be a trial *de novo* in this court there must have been an order made by the court below for a trial on written evidence. Such order must be based on a motion made at the appearance term. Code, § 2742. Such is the statute, and it cannot be ignored when it is insisted upon by the appellee.

The several cases in which the statute has been construed, and those containing exceptions to the general rule, if such there are, will be found referred to in *Vinsant v. Vinsant*, before cited. In that case it was said the appearance term is that term at which it is first ascertained an issue of fact is to be tried. We are disposed to adhere to what was said in that case. Such construction of the statute is exceedingly favorable to the appellant, for ordinarily the appearance term is the first term after due and timely service has been made. Code, § 2602.

It was ascertained as early as the October Term, 1875, that there were for trial several issues of fact. No motion or order was made at that term for a trial on written evidence, nor was such order made until eighteen months afterward. Clearly, therefore, there cannot be a trial *de novo*

in this court unless both the statute and decisions of this court are ignored.

In April, 1877, a new defense was interposed, and the order for a trial on written evidence was made at the same time. It may possibly be said that as to such issue there should be a trial anew here. Even if this were done, and conceding the finding of the referee thereon was against the appellant, no possible benefit would result should we conclude the finding was erroneous, because the referee found affirmatively the note and mortgage were executed without consideration.

It is stated in the order of the court for a trial on written evidence that it was made by consent of parties. This does not amount to a consent that there shall be a trial anew in this court.

The appellant insists that because the execution of the note and mortgage, as well as an existing indebtedness at the time of their execution, is admitted in one division of the answer, that the question of indebtedness was settled by the pleadings. In this view we do not concur. The admission was in the nature of a confession and avoidance, and that there was no consideration for the note and mortgage was pleaded in another division of the answer. If error had been assigned we feel constrained to say that under the settled practice of the court there must have been an affirmance, as the testimony warranted the finding of the referee.

AFFIRMED.