52 85
135 630

## THE STATE v. WHITCOMB.

1. **Criminal Law**: ADULTERY: VOID DECREE OF DIVORCE. The defendant procured a decree of divorce from his wife and married again. Upon proceedings by the former wife, the decree of divorce was held void for fraud and annulled. In a criminal prosecution, *held*, that defendant was guilty of adultery in cohabiting with the second wife. The decree of divorce, being adjudged void, was so from the beginning, and neither that nor the good faith with which it was contracted gave any validity to the second marriage.

2. **Practice**: ACTION TO SET ASIDE JUDGMENT: CHANGE OF VENUE. The proceedings to set aside the decree of divorce having been commenced in the court where the decree was rendered, the fact that change of venue was granted and the trial had in another court would not affect the validity of the judgment.

*Appeal from Bremer District Court.*

○

WEDNESDAY, OCTOBER 22.

THE defendant was convicted of the crime of adultery, and sentenced to confinement in the penitentiary for two years. He now prosecutes this appeal.

*A. F. Brown* and *A. T. Cole*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

BECK, CH. J.—I. The evidence tended to prove that defendant and Roana Whitcomb were married in 1855, and that defendant prosecuted an action for a divorce in the district court of Floyd county, resulting in a decree divorcing the parties, December 4th, 1872. On the 7th day of January, 1873, defendant was married to Rachel Patterson, with whom the crime of adultery is charged to have been committed. November 13th, 1873, Roana Whitcomb filed a petition in the Floyd District Court to set aside and annul the decree of divorce on the ground that it was procured by the fraud of defendant. The venue of this case was changed to Chickasaw county, and the decree of divorce was by proper decree, upon a trial, set aside and declared void on

*1. CRIMINAL LAW: adultery: void decree of divorce.*

account of the fraud of defendant practiced in procuring it. The cause was brought upon appeal to this court, and the judgment of the District Court was here affirmed.   See 46 Iowa, 437.

The evidence introduced establishes the marriage of defendant and Roana. The defendant relied upon the divorce obtained by him as a defense to the indictment. The court instructed the jury as to this defense, in the following language:

"7.   The defendant has offered in evidence a decree of divorce granted to him by the court in Floyd county, and to rebut this the State has introduced in evidence a further decree in that case rendered by the court of Chickasaw county, which adjudges that the decree rendered by the court of Floyd county was without jurisdiction and was obtained by the fraud of this defendant perpetrated in that case.   The effect of the judgment and decree in the District Court of Chickasaw county is to set aside the decree rendered in Floyd county and after the judgment was entered in the case in Chickasaw county, the other decree was no longer of any validity and is no defense for the defendant for any unlawful act of his committed since that time; and if you find that the defendant and Roana were lawfully married to each other and that the defendant has, within the eighteen months prior to the 5th day of October, 1877, had sexual intercourse with the woman Rachel described in the indictment, he would be guilty of adultery and the decree in the court in Floyd county would be no defense."

This instruction is complained of as erroneous.   We think it correct.   The decree of divorce was set aside for the fraud of defendant in procuring it and for want of jurisdiction of the court rendering it.   The questions of fraud and want of jurisdiction were adjudicated in the final proceedings which resulted in setting aside the decree for divorce; that adjudication is a verity which cannot be questioned in this case.   It declares that the divorce is, and was from the beginning, void. A void judgment has no effect, is nowhere binding, and nothing can be based thereon; it will support no claim of right and give protection for no act.   This doctrine is familiar and does

not demand the support of authorities. The decree of divorce, therefore, did not affect the marriage existing between Roana and defendant; that marriage still exists and existed every moment of time from its celebration to the present. It follows that defendant's pretended marriage with Rachel was no marriage, and that his co-habitation with her was adulterous.

II. Counsel for defendant argue that the decree of divorce possessed some validity until the affirmance in this court of the decree setting it aside. But it must be remembered that the divorce was void from the beginning, the decree setting it aside did not render it void; its invalidity resulted from fraud of defendant and the want of jurisdiction of the court, and the decree annulling it simply declared its invalidity. *Vinsant v. Vinsant,* 47 Iowa, 594, cited by counsel, is not applicable to the point under consideration.

III. The court rejected evidence offered by defendant to ' show that he acted in good faith in obtaining the divorce and in marrying Rachel, and that he believed the decree of divorce to be regular and sufficient. The evidence was rightly rejected. The decree of the court setting aside the divorce, as we have said, must be regarded as a verity and conclusive as to defendant. He cannot now question it, and, therefore, cannot show that for any reason the divorce is valid.

If defendant, in good faith, supposed he was legally authorized to marry Rachel, such belief did not have the effect to make valid the proceedings which were void on account of his fraud. His belief as to his rights under the decree had no effect to establish such rights. It has been held that a prisoner's erroneous belief that she had been legally divorced was no defense to an indictment for adultery. *State v. Goodenow,* 65 Me., 30. See also, as bearing upon this point, *Commonwealth v. Elwell,* 2 Met., 190; *Commonwealth v. Mash,* 7 Met., 472.

IV. It is insisted that the court erred in admitting in evidence the decree of the Chickasaw District Court setting aside 2. PRACTICE: the divorce for the reason that the court had no action to set aside judg-ment: change of venue. jurisdiction to vacate the decree of the Floyd District Court, a court of concurrent jurisdiction.

Such a proceeding, it is insisted, must, under Code, title 19, chapter 1, be prosecuted in the court wherein the judgment assailed was rendered. The proceeding, it will be remembered, was commenced in the Floyd District Court, and the venue was changed to the Chickasaw District Court. The statute cited cannot be construed to forbid the change of venue in a proper case, in actions to vacate judgments. The action was commenced in the proper court, and under the provisions of the statute the venue was legally changed.

We reach the conclusion that the proceedings and rulings of the court below are correct. The judgment is, therefore,

AFFIRMED.