## SMITH v. SMITH.

1. **Divorce:** ON GROUND OF ADULTERY: ADULTERY OF PLAINTIFF AS A DEFENSE: FACTS NOT CONSTITUTING. It is incompetent for one of the parties to a marriage to come into court and complain of the other's violation of matrimonial duties, if he is himself likewise guilty. But where a wife sues for a divorce upon the ground of adultery, she will not be denied relief on the ground that she has married another man, thereby herself committing adultery, where it appears that such second marriage was contracted ten or fifteen years after she last heard from her first husband, (the defendant,) and there is no evidence tending to show that she supposed him to be alive.

*Appeal from Cass District Court.*

FRIDAY, OCTOBER 24.

THE petition states that the plaintiff and defendant were married in 1851, and that he has been guilty of adultery. The relief asked is a divorce and an allowance of alimony. The allegations of the petition were denied, and the defendant pleaded that the plaintiff, at some time unknown to the defendant, had married one John W. Smith, in the state of Illinois. Decree for the plaintiff, and the defendant appeals.

*C. C. Cole* and *Gow & Hager*, for appellant.

*Fogg, Long & Neal*, for appellee.

SEEVERS, J.—The evidence is such that it cannot be doubted that plaintiff was married to James Smith, in Ireland, on the eighth day of June, 1851. She and her husband lived together for about nine years. When he came to this country, she received two letters from her husband, but for nearly twenty years she did not hear from him or know that he was alive. She came to this county several years since, and claims to have discovered her husband, the defendant, residing in Adair County, in this state, in 1882. He was living with a woman as his wife, and whom he claims to have married in 1866. The defendant claims that he is not the person to whom the plaintiff was married in Ireland, and he verified his answer, and denied the marriage, and he verified an affidavit in which it was stated that he does not know, and never was married to, the plaintiff, but he was not introduced as a witness in his own behalf at the trial. We are satisfied that the defendant is the person to whom the plaintiff was married, in Ireland, in 1851. It seems that there cannot be any doubt as to this, unless willful perjury was committed by more than one witness. Conceding the marriage, the defendant insists that the plaintiff is not entitled to the relief granted because, it is claimed, the evidence shows that the plaintiff was married to another person, in Illinois, some time prior to the commencement of this action, and, therefore, she has been guilty of adultery, and, that this constitutes a bar to this action. Several authorities are cited in support of this proposition, and we have no doubt such is the rule in England, and in at least several of the states in this country, that is, when a party knowingly commits adultery, such act may be pleaded in bar of an action for a divorce. *Clapp v. Clapp*, 97 Mass., 531. The rule may be thus briefly stated: " It is incompetent for one of the parties to 'a marriage to come into court and complain of the other's violation of matrimonial duties, if he himself is likewise guilty." 2 Bishop on Marriage and Divorce, section 76. It is uncertain when the marriage of the plaintiff and John W. Smith took place, but, from the

meager evidence on that subject before us, we reach the conclusion that it must have taken place from ten to fifteen years after the plaintiff last heard from the defendant. She might have concluded that he was dead. There is no evidence tending to show that she supposed he was living. There is no evidence tending to show that she was guilty of any criminal intent; and we conclude that such a marriage does not bar her right to a divorce. Knowingly, she did not commit adultery. She cannot be regarded as a guilty party in this action. This conclusion renders it unnecessary to determine the motion filed by the appellee.

AFFIRMED.