LYDIA B. VAN ZANDT *et al. vs.* FREDERICK P. GARRETSON.

NEWPORT—JUNE 14, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A testamentary devise, after devising an estate to the widow of testator for life, then to X. for life, was as follows : "After their deaths it is my will that the said estate should be sold and the proceeds of sale to be divided among their nieces, viz. : One-half of the proceeds of sale to A., but to be held in trust for her sole use by my executor or trustee, or by such trustee or trustees as the Court of Probate may appoint when necessary ; one-quarter of the proceeds of such sale to B. and one-quarter thereof to C." Upon a bill for specific performance brought by the parties in interest under said devise against the defendant who had contracted to buy the property :—

(1) *Statute of Uses.*

*Held,* that an estate in fee simple under the statute of uses, upon the termination of the estates for life, was not given by the will to the persons named therein, there being no devise of the legal title ·upon which the statute could operate to carry the title over to the beneficiaries.

(2) *Equitable Conversion.*

*Held,* further, that the direction to sell and distribute the proceeds amounted to an equitable conversion of the estate into personalty.

(3) *Power of Sale under Will.*

*Held,* further, that whether regarded as a power or as a bequest of personalty, the duty would fall upon the executor or administrator with the will annexed to convert and distribute, and thus to make the sale.

(4) *Specific Performance.*

*Held,* further, that as the complainants could convey neither a legal or equitable title to the land itself, specific performance would not be decreed.

BILL IN EQUITY for specific performance. Heard on bill and answer. Bill dismissed.

STINESS, J. Rowland R. Hazard devised his homestead estate in Newport to his widow during life, then to the complainant Lydia B. Van Zandt during life, and "after their deaths it is my will that the said homestead estate should be sold and the proceeds of sale to be divided among their

nieces, viz. : one-half of the proceeds of sale to Anna H. Montgomery, but to be held in trust for her sole use, by my executor or trustee or by such trustee or trustees as the Court of Probate for said Newport may appoint when necessary; one-quarter of the proceeds of such sale to Lydia B. Torry and one-quarter thereof to Charlotte Henry of Flushing, N. York."

The executor of the will died many years ago and Anna H. Montgomery died in 1876, leaving a will by which the complainant Edward Van Zandt succeeds to her title in the homestead estate.

The defendant having contracted to buy the property, the complainants bring this bill for specific performance. The only question submitted to us is whether, under the clause of the will above quoted, an administrator *c. t. a.* is needed to convey the legal title to the estate.

The dispute is whether the will gave to the persons named in the third clause an estate in fee simple under the statute of uses. We think it is clear that it did not.

The three essential things to bring an estate within the operation of the statute are, a person seized to a use; a *cestui que use;* and a use in being in possession or remainder. In this case there is no devise of any estate to any person who is seized to a use. The remainder, after the life estates, is devised to no one, as such, but, in place of it, is a direction that the estate be sold and the proceeds paid over. Although the beneficial use might be considered to be in those entitled to the proceeds of the estate, there is no devise of the legal title upon which the statute can operate to carry the title over to the beneficiaries. It does not operate on a mere power. Instead, therefore, of an estate to a use, there is something quite different. We think that the directions to sell and distribute the proceeds amount to an equitable conversion of the estate. Since *Fletcher* v. *Ashburner,* 1 Bro. C. C. 497, it has been well established that "money directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as that species of property into which they are directed to be con-

verted; and this in whatever manner the direction is given, whether by will, contract," &c. 1 Wms. on Exrs. (7 ed. Rand. & Talcott) 783. The will not only directs the sale, but expressly disposes of the proceeds. As in *Hammond* v. *Putnam*, 110 Mass. 232 : " The gift to the legatees is not a devise of land, but a bequest of money, to be divided between them. The testator gave the quality of personalty to the proceeds of the real estate, and the law will deal with it as having at the time of his death the character which he impressed upon it." *Haszard* v. *Haszard*, 19 R. I. 374; *Smith* v. *McCrary*, 3 Ired. Eq. (N. C.) 204 ; 7 Am. & Eng. Ency. L. (2 ed.) 465. See also *King* v. *King*, 13 R. I. 501.

(3)   Regarded as a power or as a bequest of personalty, the duty would fall upon the executor, or administrator with the will annexed, to convert and distribute, and thus to make the sale. *Smith* v. *McCrary, supra; Probate Court* v. *Hazard*, 13 R. I. 3. The argument for the complainants is that, as the beneficiaries have themselves elected to sell, their sale is as effectual as one made by an administrator *c. t. a.*, because they have the entire beneficial interest; and that under the decision in *Ames* v. *Ames*, 15 R. I. 12, a power to sell carries with it a power to convey a fee. The inquiry in that case was whether the devise to the trustee implied an estate in fee with a power to sell. In this case the direction to sell clearly implies a power, but in no one other than the executor or administrator. It would be a strange stretch of construction to carry that power over to beneficiaries. Undoubtedly, if they should sell, they would be estopped from making any further claim on the estate, but they could convey only their equitable claim to the proceeds of the property.

(4) They could convey neither a legal nor an equitable title in the land itself. As said in Sugden on Vendors (386): " To enable equity to enforce specific performance against a purchaser, the title to the estate ought, like Cæsar's wife, to be free even from suspicion; for it would be an extraordinary proceeding for a court of equity to compel a purchaser to take an estate which it cannot warrant to him. It has, therefore, become a settled and invariable rule that a purchaser

shall not be compelled to accept a doubtful title ;  .  .  .  .
neither will a purchaser be forced to take an equitable title."
See *Creigh* v. *Shatto*, 9 W. & S. 82.

It follows, therefore, that a proper title cannot be conveyed
by the complainants, and that their bill must be dismissed.

*Samuel R. Honey,* for complainants.

*William P. Sheffield,* for respondent.