## A. W. McNAIR, Assignee, v. O. Y. YARBORO.

(Filed 26 September, 1923.)

**1. Pleadings—Verification—Statutes—Clerks of Court.**

A verification to a complaint that the statements therein contained are true, to the best knowledge, information and belief of the plaintiff, save those matters which are stated on information and belief, and as to those he believes it to be true, is not sufficient compliance with C. S., sec. 529, requiring a statement that "the facts set forth in the designated pleadings are true, except those stated on information and belief, and as to those matters he believes them to be true."

**2. Same—Money Demand—Judgments Set Aside.**

Sufficient verification, as the statute (C. S., sec. 529) requires, not appearing in the complaint in an action upon a money demand in an, amount certain, etc., will be treated as a nullity and irregularity, and judgment by default final, etc., thereon will be set aside on motion of defendant made before the clerk in apt time, on a proper show of merits. C. S., sec. 595 (1).

**3. Same.**

The requirement of C. S., sec. 595 (1), that to obtain judgment by default, etc., in an action upon a money demand, the complaint must be properly verified (C. S., sec. 529), is not affected by chapter 92, Extra Session of 1921, requiring a copy of the verified complaint to be served on the defendant with the summons; C. S., secs. 595, 596, and 597 expressly affirming the provisions of section 595 (1).

**4. Same—Powers of Trial Judge.**

Chapter 92, Laws of 1921, sec. 3, prohibits the clerk of the court only from extending the time for defendant to answer, and does not impair the broad powers conferred by C. S., sec. 536, upon the judge, to the effect that when the cause is properly before him "he may in his discretion, and upon such terms as may be just, allow an answer or reply to be made or other acts done after the time, or by an order to enlarge the time."

Motion to set aside judgment by default final, heard on appeal from clerk before *Kerr, J.,* at March Term, 1923, of Edgecombe.

On the hearing it was made to appear that the summons in an action for a moneyed demand for a sum certain was issued from clerk's office on 8 February, 1923; that the same, together with a copy of complaint, purporting to be verified, was served on defendant on 10 February, the verification being in form as follows: "A. W. McNair, being duly sworn, deposes and says that the statements contained in the foregoing complaint are true, to the best of his knowledge, information and belief, save those matters which are stated on information and belief, and as to those matters he believes them to be true." Signed, sworn to, etc. That in twenty-one days after service of summons and complaint, to wit, 4 March, defendant submitted a duly verified answer, setting

forth a defense apparently meritorious, and the clerk, being of opinion that same should not be considered, on 5 March, the first Monday thereafter, entered judgment by default final for the amount due, as alleged in the complaint. On 4 March, defendant, on notice and affidavits setting forth merits, moved to set the same aside for irregularity, in that there had been no proper verification, and for other reasons there alleged. Motion refused, and defendant appealed.

On the hearing of the appeal in the Superior Court, there was judgment setting aside the judgment by default final, and directing that defendant be allowed to answer. Plaintiff excepted and appealed.

*George M. Fountain for plaintiff.*
*S. A. Newell for defendant.*

HOKE, J. The statute establishing a proper form for verification of pleadings (C. S., sec. 529) requires a statement by affidavit in substance and effect that "the facts set forth in the designated pleading are true, except as to those matters stated on information and belief, and as to those matters he believes them to be true." And it has been held in various decisions construing the section that the attempted verification in the present instance is not a sufficient compliance. *Carrol v. McMillan,* 133 N. C., 140; *Cowles v. Hardin et al.,* 79 N. C., 577.

This being true, our legislation is to the effect, further (C. S., sec. 595, subsec. 1), that in order to judgment by default final in a moneyed demand, properly stated, the pleading should be verified as the statute requires, and our cases on the subject hold that a judgment by default final in that kind of suit, on an unverified complaint, is irregular and will be set aside on motion made in apt time and on a proper show of merits. *Miller v. Curl,* 162 N. C., 1; *Cowan v. Cunningham,* 146 N. C., 453; *Becton v. Dunn,* 137 N. C., 562.

It is earnestly insisted for appellant that, under subsequent legislation amending the Consolidated Statutes, more especially chapter 92, Extra Session 1921, a verified complaint is no longer required for a judgment by default final, where a copy of complaint, properly setting forth the cause of action, is served on the defendant with the summons, but we do not so interpret the amendments referred to. On the contrary, the statute relied upon (section 1, subsection 9) provides in terms that if no answer is filed, the plaintiff shall be entitled to judgment by default final, or default and inquiry, as authorized by sections 595, 596, and 597 of the Consolidated Statutes, thus expressly affirming the requirement of section 595, subsection 1, to the effect, as stated, that on a moneyed demand a verified complaint is required to a proper judgment by default final. Appellant cites and relies chiefly upon subsections 11 and 12 as

modifying subsection 9 in the respect suggested, but we do not so construe the law. In our opinion, a proper perusal of subsection 11 refers to the time when judgments shall be entered before the clerk, where a copy of the complaint has been served on defendants or any of them. And subsection 12 contains an enumeration of the cases wherein the clerk is authorized to enter judgment, but neither 11 nor 12 contains any modification of the provision of section 595 of Consolidated Statutes, expressly affirmed in subsection 1, and wherein it is provided that a verified complaint is required—in suits on a moneyed demand.

It may be noted that, under section 595, subsection 4, in actions to recover real property, a verified complaint is not always required. *Patrick v. Dunn*, 162 N. C., 19. And we consider it well to state further that, while this chapter 92, in section 3, provides that "where copy of the complaint has been served upon each of the defendants, the clerk shall not extend the time for filing answer beyond twenty days after such service." This restriction applies to the clerk, and does not and is not intended to impair the broad powers conferred on the judge in this respect by section 536 of Consolidated Statutes, to the effect that where the cause is properly before him, "he may, in his discretion and upon such terms as may be just, allow an answer or reply to be made or other act done after the time or by an order to enlarge the time." The judgment of his Honor, therefore, is affirmed in its entirety, that the judgment by default final be set aside and defendant allowed a reasonable time to answer.

Affirmed.