## S. J. ROBERTS v. T. M. MERRITT.

(Filed 25 February, 1925.)

**Pleadings—Clerks of Court—Courts—Jurisdiction—Order Allowing Extension of Time.**

The powers of the trial judge to permit the filing of an answer to a complaint are not affected by Public Laws 1921, Extra Session, ch. 92, sec. 1 (3), restricting the power of the clerk of the court to allow answer to be filed after the statutory time.

APPEAL by plaintiff from *Barnhill, J.*, at October Term, 1924, of WAYNE.

The judge found the facts to be as follows:

"The summons in the above-entitled cause was issued by the clerk of the, Superior Court of Wayne County on 22 December, 1922, addressed to the sheriff of Wayne County, commanding him to summons· T. M. Merritt, the defendant, to appear at the office of the clerk of the Superior Court of Wayne County on 8 January, 1923, and answer the complaint which would be deposited on or before that date, and notified defendant if he failed to answer or demur within twenty days from the return date of said summons, relief prayed for in the complaint would be granted; that the said summons was personally served on the defendant by the sheriff of Wayne County on 23 December, 1922; that a duly verified complaint was filed on the return date, to wit, 8 January, 1923; that the defendant did not file any answer within twenty days after the return day of said summons and after the statutory time in which to file answer had expired, and before answer was filed the plaintiff objected to the clerk permitting answer to be filed, and excepted to the filing of the answer. A duly verified answer was filed on 24 February, 1923. The summons docket of the clerk of the Superior Court shows the following entries:

"Summons issued 22 December, 1922. Summons returnable 8 January, 1923. Summons served 23 December, 1922. Complaint filed 8 January, 1923. Answer filed 24 February, 1923. Transferred to civil issue trial docket October Term, 1923. Time extended for answer by the clerk, as shown by his docket entries, but such time was not extended to a day certain, as required by statute. The plaintiff filed with the clerk a motion to strike out the answer and for judgment by default and inquiry. On 23 October, 1923, plaintiff subsequently tendered judgment to strike out answer, and for judgment by default and inquiry, which the clerk declined to sign, and to which plaintiff excepted. That the plaintiff tendered judgment finding the facts as alleged by the plaintiff, and declining to render judgment of any kind, which the clerk declined to sign, to which the plaintiff excepted; that this case was calendared for trial at the April Term, 1924, and June Term, 1924, but same was in each instance continued at the request of the plaintiff.

"The plaintiff has not been delayed in the trial of this case by reason of the delay of the defendant in filing his answer, and the defendant has a meritorious defense to the cause of action set out in the complaint."

Judgment: Upon the foregoing facts, found at the request of the plaintiff, the court, in the exercise of its sound discretion, denies the motion of the plaintiff to strike out the answer and enter judgment by default and inquiry, and permits the defendant to file his answer *nunc pro tunc*.

*John H. Manning for plaintiff, appellant.*
*W. S. O'B. Robinson for defendant, appellee.*

PER CURIAM. The clerk made an order extending the time for filing the answer, but not to a day certain, as the statute requires. Public Laws 1921, Extra Session, ch. 92, sec. 1 (3). After the statutory time for filing the answer had expired, the clerk permitted the answer to be filed, and the plaintiff excepted. The case was then transferred to the civil issue docket.

Whether the clerk's order extending the time for answering without naming a "day certain" was invalid or merely irregular we need not now determine. In the Superior Court the plaintiff twice procured a continuance of the cause; and upon the facts appearing in the record whether the answer should have been retained or stricken from the file was a matter addressed to the sound discretion of the presiding judge. In *McNair v. Yarboro,* 186 N. C., 111, it is held that the restrictions referred to do not and were not intended to impair the broad powers conferred on the judge by section 536 of the Consolidated Statutes: "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order to enlarge the time."

The judgment is
Affirmed.