CHARLES F. DUNN v. VICTORIA JONES.

(Filed 28 March, 1928.)

1. **Judgments—Setting Aside for Surprise, Excusable Neglect, etc.—Power of Trial Judge to Set Aside.**

   Upon a proper finding of a meritorious defense and excusable neglect, the judge of the Superior Court, on appeal from the clerk, has authority to set aside a judgment rendered by the clerk, against the defendant by default of an answer, to which exception has been duly entered, before the clerk, C. S., 600; and to permit an answer to be filed, C. S., 536.

2. **Constitutional Law—Vested Rights—Civil Procedure.**

   No vested right can be acquired under a statute which only relates to the procedure to be observed for the enforcement or the defense of a right.

3. **Statutes—Construction—Statutes Relating to Civil Procedure.**

   A new statute making a change only in procedure prima facie applies to all actions, whether already accrued at the time of its passage, or then pending or accruing in the future.

CIVIL ACTION, before *Cranmer, J.,* at November Term, 1927, of LENOIR.

Summons was issued and served 22 June, 1927, and complaint filed on the same date. The plaintiff sued the defendant for the possession of the land described in the complaint. The answer was filed according to the record on 13 June, 1927, nine days before the summons was issued. It is assumed, however, upon reading the judgment that this was an error, and that 13 July was the proper date upon which the answer was filed. On 18 July, 1927, the plaintiff made a motion before the clerk for judgment by default final upon the ground "that no defense bond

nor was any answer filed within the time allowed by law." Judgment by default final was duly rendered by the clerk on 12 September, 1927. The defendant excepted to the judgment and appealed to the judge of the Superior Court. Notice of appeal was waived. Thereafter the cause was heard by E. H. Cranmer, judge presiding, who rendered the following judgment:

"This cause coming on to be heard before his Honor, E. H. Cranmer, judge, and being heard, and it appearing to the court that the defendant in the above-entitled action has a good and meritorious defense to said cause, and it further appearing to said court that the said defendant was ill and not physically able to attend her affairs or to file answer in this cause, and it further appearing to said court that the said defendant was guilty of no laches on her part, but was only guilty of such conduct as amounted to excusable neglect, and it further appearing to said court that on the day following the expiration of twenty days from the date of the service of the summons in this cause the said defendant filed her answer with proper bond in the sum of $200, with sufficient surety as is required by statute before the plaintiff in said action moved for judgment therein, and it further appearing to said court that the time to answer did not expire until after 1 July, at which time the act extending the time to thirty days went into effect;

"It is now, therefore, ordered, adjudged and decreed, on motion of Shaw & Jones, and J. F. Liles, attorneys for the defendant, that the judgment heretofore entered by the clerk of the Superior Court in this cause be, and the same is hereby declared void and set aside.

"It is further ordered, adjudged and decreed that the answer filed on behalf of the defendant in this cause, together with the bond, be and the same are hereby declared filed and allowed to be filed, and the said cause is retained to the end that the same may be heard upon its merits."

From the foregoing judgment plaintiff appealed.

*Charles F. Dunn, in propria persona, for plaintiff.*
*Shaw & Jones for defendant.*

BROGDEN, J. One phase of this controversy was disposed of by this Court in *Dunn v. Jones,* 192 N. C., 251. This case has been referred to as the rich young ruler case. The Court held that plaintiff's title was defective in the particulars pointed out in the opinion. Thereafter on 22 June, 1927, plaintiff instituted the present action in ejectment for the possession of the land. The plaintiff excepts to the judgment rendered by the court upon the ground that the trial judge had no power to set aside the judgment by default final rendered by the clerk. This contention cannot be sustained. When the judgment by default was entered by the clerk the defendant excepted and appealed to the judge.

Hence the whole case was regularly before the court upon the appeal. Both parties were thereupon fixed with notice of everything that was regularly done in the cause. *Foster v. Allison Corporation,* 191 N. C., 166. Under the law, the trial judge had the power in the exercise of his sound legal discretion to set aside the judgment under C. S., 600, and to permit the defendant to file an answer under C. S., 536. A judgment may be set aside under C. S., 600, if the moving party can show excusable neglect, and that he has a meritorious defense. In the case at bar the trial judge found all the necessary and essential facts to support his order vacating the judgment by default. *Norton v. McLaurin,* 125 N. C., 185; *Crumpler v. Hines,* 174 N. C., 283; *Jernigan v. Jernigan,* 179 N. C., 237; *Battle v. Mercer,* 187 N. C., 437; *Helderman v. Mills Co.,* 192 N. C., 626. In *Aldridge v. Ins. Co.,* 194 N. C., 683, the Court referring to Public Laws 1921, Ex. Ses., ch. 92; Public Laws 1923, ch. 53; Public Laws 1924, Ex. Ses., ch. 18, said: "These statutes have reference to the clerk and were not intended to impair the broad powers conferred on the judge, who 'may in his discretion and upon such terms as may be just allow an answer or reply to be made, or other act done, after the time limited or by an order to enlarge the time.'" *Roberts v. Merritt,* 189 N. C., 194; *McNair v. Yarboro,* 186 N. C., 111.

Moreover by chapter 66, Public Laws 1927, the time for filing answer was enlarged to thirty days. This act went into effect 1 July, 1927. Hence the answer was filed in proper time. "No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, prima facie it applies to all actions—those which have accrued or are pending, and future actions." *Stacy, C. J.,* in *Martin v. Vanlaningham,* 189 N. C., 656. The judgment rendered is amply supported by numerous authorities in this State.

Plaintiff in his brief says: "I take much pleasure in informing this Court that I have read every one of your reports from Vol. 140 to 193, inclusive, and with the hundreds of opinions, I have found nothing that in law would support the judgment sent up in this record." In view of the fact that the uniform holding of the Court supports the judgment rendered, the plaintiff's aforesaid declaration in the brief, calls to mind the colloquy between Philip and a notable citizen of Ethiopia, occurring long ago. The distinguished citizen of Ethiopia was undertaking to read the Book of the Law, and the great evangelist propounded to him this query: "Understandest thou what thou readest?" Acts 8:30.

Affirmed.