STATE v. JOSEPH O'CONNOR AND SURETY, TAR HEEL BOND COMPANY.

(Filed 13 October, 1943.)

**Bail § 4: Judgments § 22e—**

> Upon judgment *nisi,* in a criminal prosecution, against defendant and his appearance bond and *sci. fa.* served on his surety and upon return at a subsequent term, judgment absolute entered against defendant and surety, where subsequently defendants moved to set aside the judgment for surprise and excusable neglect, C. S., 600, for that the case did not appear on the calendar, with no allegation or evidence of any meritorious defense, their motion was properly denied.

APPEAL by defendant surety, Tar Heel Bond Company, from *Frizzelle, J.,* at May Regular Term, 1943, of HARNETT.

*Attorney-General McMullan and Assistant Attorney-General Patton for the State.*

*M. O. Lee and H. Paul Strickland for the Harnett County Board of Education.*

*Neill McK. Salmon and C. P. Barringer for defendant surety, appellant.*

PER CURIAM. O'Connor was indicted in the Superior Court of Harnett County for breaking and entering, and his codefendant in this proceeding, the Tar Heel Bond Company, became surety for his appearance in court to answer the charge. Upon his failure to appear at September Term, 1941, of said court, judgment *nisi* was entered against O'Connor

and his said surety, and *sci. fa.* issued and served upon the defendant surety. Upon return of the *sci. fa.* at January, 1942, Term of the court, upon motion of the solicitor, judgment absolute was entered against O'Connor and his surety, the Tar Heel Bond Company, in the amount of $2,000.00, the penal sum named in the bond.

Subsequently, the defendants made a motion to set the judgment aside because of surprise and excusable neglect—C. S., 600—alleging that they had been misled because the motion for judgment absolute did not appear for hearing on the printed calendar of cases to be heard at that term. The motion was denied and defendants appealed.

Inspection of the record discloses that defendants, in their motion, made no allegation that they had any meritorious defense, and none was presented on the hearing of their motion. *Dunn v. Jones,* 195 N. C., 354, 356, 142 S. E., 320; *Bank v. Duke,* 187 N. C., 386, 122 S. E., 1; *Cayton v. Clark,* 212 N. C., 374, 193 S. E., 304. The motion was properly denied.

Judgment affirmed.