## CLAUDIA LOMAX MILLS v. WILLIAM TED McCUEN.

(Filed 12 June 1968.)

**1. Judgments § 20—**

Where plaintiff has not taken default judgment prior to defendant's motion for extension of time to file answer, G.S. 1-220 is inapplicable, and defendant is not required to show mistake, inadvertence, surprise or excusable neglect.

**2. Pleadings § 9;　Process § 15—**

The statutes pertaining to service of process upon a nonresident motorist, G.S. 1-105 *et seq.*, contemplate giving such defendant an opportunity to defend even beyond the right of the judge in his discretion to extend the time for filing answer, G.S. 1-108, and *a fortiori*, the judge in his discretion may extend time to file an answer under G.S. 1-152.

**3. Same—**

Order of the court extending nonresident's time to file answer upon a finding that defendant's neglect in corresponding with his attorney was excusable, *held* not an abuse of discretion.

**4. Appeal and Error § 54—**

Ordinarily, where a judge is vested with discretion, his doing or refusing to do the act in question is not reviewable upon appeal.

APPEAL from order of *Shaw, J.,* Superior Court of GUILFORD County, Greensboro Division, in Chambers.

This action was instituted by summons issued 30 January 1968, and served upon the Commissioner of Motor Vehicles as process agent for defendant on 31 January 1968. The defendant was a citizen and resident of Greenville, South Carolina.

At the time of instituting action, a duly verified complaint was filed seeking damages for personal injuries and property damage growing out of an automobile collision between an automobile owned and operated by the plaintiff and an automobile operated by the defendant. The collision had occurred 23 August 1967 on one of the city streets of the City of Greensboro, North Carolina.

Upon receipt of the papers, the Commissioner of Motor Vehicles forwarded same by registered mail to the defendant in Greenville, South Carolina, and the return receipt showed delivery to the defendant on 3 February 1968.

On 7 March 1968 Richard L. Wharton, an attorney of Greensboro, filed a motion setting forth that the defendant had been served by process in accordance with G.S. 1-105 and, pursuant to that statute, he desired a continuance in order to afford the defendant reasonable opportunity to defend the action. He alleged that he had

prepared an answer on behalf of the defendant and had forwarded same to the defendant on 20 February 1968 for verification and return and that he had received no communication from the defendant. He further set forth in the motion his belief that the defendant had a meritorious defense, for that the plaintiff had failed to yield the right of way at a stop intersection. He further set out that unless the defendant be given additional time to file answer, his liability insurance coverage might be prejudiced for failure to cooperate in the defense of the action, and that he desired an opportunity to establish communication with the non-resident defendant.

Upon filing of this motion, which was duly verified by Richard L. Wharton, attorney for defendant, Judge Shaw heard the matter on 8 March 1968 and directed defendant's counsel to seek additional information and in the meantime directed plaintiff's counsel not to take a default judgment.

The matter was heard further on 22 March 1968 by Judge Shaw. He made findings of fact to the effect that the defendant had not realized the importance of the correspondence with his attorney, Mr. Wharton, and that his neglect in not properly attending to the correspondence was excusable. He concluded that the court had discretion to grant additional time to file answer, pursuant to G.S. 1-152, 1-105, and 1-108 and, in the court's discretion, he allowed the defendant to and including 5 April 1968 to answer and set up a counterclaim, if desired.

The plaintiff excepted to the findings of fact and conclusions of Judge Shaw and appealed to this court.

*B. Gordon Gentry, Attorney for plaintiff appellant.*
*Wharton, Ivey & Wharton, Attorneys for defendant appellee.*

CAMPBELL, J. No default judgment had been taken by the plaintiff prior to the motion filed on behalf of the defendant for an extension of time. Accordingly, G.S. 1-220 is not applicable and the defendant is not required to show mistake, inadvertence, surprise, or excusable neglect.

Service of process in this case was had pursuant to G.S. 1-105, commonly referred to as the non-resident motorist statute. This statute provides: "The court in which the action is pending shall order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action."

G.S. 1-108 provides that when a defendant is served under the provisions of G.S. 1-105, "on application and sufficient cause shown at any time before judgment, (such defendant) must be allowed to defend the action; * * *"

It is to be noted that under this statute, if sufficient cause can be shown before judgment, the defendant "must be allowed to defend the action; * * *"

These statutes pertaining to service of process upon a non-resident motorist contemplate giving such a defendant an opportunity to defend even beyond the right of the judge in his discretion to extend the time. *A fortiori,* the judge in his discretion may do so under G.S. 1-152 which provides: "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order may enlarge the time."

"Ordinarily, where a judge is vested with discretion, his doing or refusing to do the act in question is not reviewable upon appeal." *Harmon v. Harmon,* 245 N.C. 83, 86, 95 S.E. 2d 355.

In the present case the judge not only found good cause for extending the time to plead on behalf of the defendant but allowed the extension in his discretion. No abuse of discretion has been shown, and there was sufficient evidence below to support the court's finding of sufficient cause.

No error.

BRITT and MORRIS, JJ., concur.